———————o———————

## BEARD v. SLOAN

CONTRACT.—*Sale of Goods.*—*Pleading.*—In a suit on a contract for the sale of goods to be delivered at a certain time and place, the complaint should show an obligation on the plaintiff to receive and pay for the goods, and aver that he was ready to pay the price according to his promise, upon the delivery of the goods as contracted.

APPEAL from the Johnson Common Pleas.

GREGORY, J.—Suit by Sloan against Beard on a contract for the sale and delivery of corn. The complaint is in two paragraphs. The first avers that on, &c., the defendant entered into a parol agreement with the plaintiff, wherein he agreed to deliver to him at the station Needham, on the Cincinnati and Martinsville railroad, on the cars of the company, fifteen hundred bushels of good merchantable corn, in the ear; that in consideration thereof, the plaintiff agreed to pay the defendant, on delivery, eighty cents per

bushel therefor; that at the time of making the contract, the plaintiff paid the defendant five dollars thereon; that the corn was to be delivered between the 7th and 12th days of September, 1867; that the plaintiff, relying upon the agreement, sold the corn to one William Joice for ninety cents per bushel; that the corn was worth ninety cents per bushel at the time and place of delivery; that the defendant failed and refused to deliver the corn at the station Needham within the time agreed on, to the plaintiff's damage in the sum of five hundred dollars.

It is averred in the second paragraph, that on, &c., the defendant agreed to and with the plaintiff, to sell and deliver to him at the station of Needham, on the Cincinnati and Martinsville railroad, in Johnson county, Indiana, one thousand bushels of good merchantable corn, in the ear, at eighty cents per bushel; that at the time of making the contract, the plaintiff paid the defendant thereon the sum of five dollars, in part payment of the purchase money of the corn; that the defendant agreed to deliver the corn between the 7th and 12th days of September, 1867; that the plaintiff was present at the time and place agreed upon, ready to receive the corn, but that the defendant wholly neglected and refused to deliver it; that the corn was worth ninety cents per bushel at the time and place of delivery.

A demurrer to each of these paragraphs was overruled.

Both paragraphs are fatally defective in not averring that the plaintiff was ready, upon the delivery of the corn, to pay the defendant the price, according to his promise. *Smith* v. *Smith*, 8 Blackf. 208.

The second paragraph is also defective in omitting the averment that the plaintiff promised to pay the defendant for the corn on delivery. This paragraph does not show that there was any obligation on the plaintiff to receive and pay for the corn.

There were questions made on the answer, and in the progress of the cause, after the overruling of the de-

murrers to the complaint, but, as there was a trial on a bad complaint, these become immaterial.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrers to the complaint, and for further proceedings.

　*S. P. Oyler* and *D. W. Howe,* for appellant.

　*D. D. Banta* and *C. Byfield,* for appellee.