CAMPBELL ET AL. *v.* ROUTT, ADMINISTRATOR.

PLEADING.—*Counter-Claim.*—*Written Instrument.*—Where a written contract is set out in a complaint and is the foundation of the action, the defendant, in setting up a counter-claim against the plaintiff upon the same contract, and seeking a judgment thereon in his own favor, must set out in his own pleading the original or a copy of the contract.

SAME.—*Answer in Bar.*—*Counter-Claim.*—No single pleading can be made to perform the double function of alleging matter in bar of an action brought by one party, and at the same time set up a cause of action in favor of the adverse party.

SAME.—*Counter-Claim.*—If a pleading alleges facts arising out of, or connected with, the plaintiff's cause of action, as the foundation of a claim in favor of the defendant against the plaintiff, and claims a judgment against the plaintiff for

Campbell *et al. v.* Routt, Adm'r.

damages, or claims other affirmative relief, the pleading must be regarded as a counter-claim, and nothing else.

SAME.—*Failure to Demur.*—A counter-claim 'is a complaint, within the spirit and intent of the statute providing that the objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur thereto.

SAME.—A counter-claim, like any other pleading, should be good by itself without aid from other pleadings in the cause or exhibits contained therein, where such exhibits are in no manner adopted and made a part of such counter-claim.

SAME.—*Demurrer.*—That a pleading does not "state facts sufficient to bar the action," and that it does not "state facts enough for a counter-claim," are not grounds of demurrer known to the statute.

APPEAL from the Sullivan Circuit Court.

WORDEN, J.—This was an action to review the proceedings and judgment in a cause in that court, wherein the appellants were plaintiffs, and the appellee was defendant, judgment having been rendered for the appellee for the sum of one hundred and ten dollars on a counter-claim by him pleaded. The review was sought on the ground of error of law appearing in the proceedings and judgment, in overruling a demurrer to the counter-claim, and in rendering judgment for the defendant thereon. Demurrer sustained to the complaint for review, exception, and final judgment for the defendant.

The original action was brought by the appellants against John I. Milam, but, pending the proceedings, he died, and his administrator was substituted.

The complaint in the original action alleged, in substance, that on November 22d, 1862, the plaintiffs and defendants therein entered into a written contract, a copy of which was set out, whereby the defendant agreed to sell and deliver to the plaintiffs, at Washington, Daviess county, on or before March 15th, 1863, twenty-nine thousand pounds of tobacco, of the quality therein described, to be prized in good order; for which the plaintiffs agreed to pay at the rate of thirteen dollars per hundred.

That, although the plaintiffs had paid one thousand and fifty dollars on the contract, the defendant had not delivered the tobacco or any part thereof.

The counter-claim admits the execution of the written contract mentioned in the complaint therein, but alleges that after its execution, viz., on March 1st, 1863, Peter A. Campbell, one of the plaintiffs therein, agreed that the time for delivering the tobacco should be extended until May 1st, 1863, and informed the defendant that he would probably want the tobacco delivered at Mitchell, in the county of Lawrence, instead of the place mentioned in the written contract, and directed the defendant to hold the same, promising to let him know, within a few days, when and where he would want it delivered; and at the same time Peter A. agreed to send an inspector into Greene county, where the tobacco was to be prized, to superintend the prizing thereof, and the tobacco was not to be prized or delivered until such inspector should come to superintend the prizing thereof.

That said Peter A. never at any time informed the defendant when or where he wanted the tobacco delivered, nor did he send an inspector to superintend the prizing thereof, but wholly failed to do so.

That the defendant had a sufficient quantity of the requisite quality of tobacco prepared, ready to deliver at any time and place that said Peter A. might have designated in pursuance of the above mentioned arrangement; that if the subsequent arrangement had not been made, he would have delivered the tobacco as provided for in the original contract; that the defendant was, at all times, from March 1st to June 15th, 1863, ready to deliver the tobacco, on which last mentioned day the said Peter A. declined and refused to receive the tobacco at all; that on the day of such refusal tobacco was only worth six dollars per hundred pounds; wherefore the defendant was damaged in the sum of two thousand and thirty dollars. Judgment was prayed for nine hundred and eighty dollars.

This paragraph was demurred to on the double ground that it did not state facts sufficient to bar the action, and that it did not "state facts enough for a counter-claim."

The demurrer having been overruled, issue was taken on the pleading, and the cause was tried by the court, resulting in a finding and judgment for the defendant as above stated.

It is objected, among other things, that the counter-claim was bad, because it did not set out a copy of the original written contract, which had been thus changed by parol as to the time for the delivery of the tobacco. We are not referred to any authorities upon this point, nor are we advised that the question has been passed upon by this court.

We have seen that the written contract was set out by copy in the complaint. It thus became a part of the plaintiffs' pleadings. It is quite clear that the foundation of the counter-claim attempted to be pleaded was the written contract as alleged to have been modified by parol; and that, leaving out of view the written contract, the pleading failed to aver facts sufficient to justify a recovery thereon.

The question is presented whether, where a written contract is set out in a complaint, being the foundation of the action, the defendant in setting up a counter-claim against the plaintiff, upon the same contract, seeking a judgment thereon in his own favor, must set out in his own pleading the original or a copy of the contract.

A counter-claim is defined by our statute to be "any matter arising out of, or connected with the cause of action, which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." 2 G. & H. 91, sec. 59. As thus defined, counter-claims may be divided into two classes, though in both they must arise out of, or be connected with, the cause of action, viz.:

1. Such as are based upon matters that may be the subject of an action in favor of the defendant against the plaintiff.

2. Such as embrace matters that go merely in mitigation of damages.

It may be remarked, in passing, that by the New York code, counter-claims have a definition differing in some respects from that given by ours. Note *f* to 2 G. & H. 91. *Vassear* v. *Livingston*, 13 N. Y. 248.

A counter-claim of the first class, as above divided, though classed as an answer (2 G. & H. 88), is evidently, like a set-off, in the nature and performs the office of a complaint; and it must allege facts sufficient to entitle the defendant, who is really a plaintiff so far as the counter-claim is concerned, to recover a judgment against the plaintiff, or it will be subject to demurrer. It is provided by statute, in relation to this class of counter-claims, that the dismissal of the original action shall not have the effect of dismissing the counter-claim, but the defendant has the right to proceed to the trial thereof. 2 G. & H. 217, sec. 365.

A set-off or a counter-claim is expressly declared to be within the meaning of our statute requiring that when any pleading is founded on a written instrument, the original or a copy thereof must be filed with the pleading. 2 G. & H. 104, sec. 78.

This statute cannot be construed to have reference to cases merely where the contract should not be made a part of the complaint by original or copy, because the counter-claim must arise out of, or be connected with, the cause of action, and in all cases where a written contract is the foundation of the action, the original or a copy of the contract must be made a part of the complaint. The statute is imperative that when a counter-claim is founded on a written instrument, the original or a copy thereof must be filed with the pleading.

To hold that the written instrument or a copy thereof might be dispensed with in a counter-claim, because the instrument has been filed with the original complaint, would be in plain violation of the statute.

Keeping in view these statutory provisions, and considering that the counter-claim pleaded attempted to set up a cause of action in favor of the defendant against the plaintiffs, founded on the written contract, we are of opinion that

the pleading was defective in not making the original or a copy of the contract a part of the pleading.

It is suggested that the pleading may have alleged sufficient facts to bar the plaintiffs' action, and yet not sufficient to maintain an action by the defendant against the plaintiffs; and we suppose it was with a view to save any question that might arise in this respect, that the double ground of demurrer, before mentioned, was assigned. We are of opinion, however, that no single pleading can be made to perform the double function of alleging matter in bar of an action brought by one party, and at the same time of setting up a cause of action in favor of the other. This would confound all our ideas of the office and purpose of pleading, and destroy the order, harmony, and practical usefulness of the system. The statement of a defence to an action is one thing. The statement of a cause of action in favor of the defendant against the plaintiff in that action is another and very different thing. Whether the pleading in any given case is one thing or the other must be determined from the character of the pleading and the averments thereof, but it cannot be both. Nor can it assume a protean character, and be one thing or the other as the varying circumstances in the progress of a cause may make it best subserve the interests of one or the other of the parties.

If the pleading alleges facts arising out of, or connected with, the cause of action, as the foundation of a claim in favor of the defendant against the plaintiff, and claims a judgment for damages in favor of the defendant against the plaintiff, or for other affirmative relief, the pleading must be regarded as a counter-claim and nothing else. The pleading in question here was a counter-claim, and not an answer in bar of the plaintiffs' action. It was a counter-claim attempting to set up a cause of action in favor of the defendant against the plaintiffs, and not matter in mitigation of the plaintiffs' damages. It was so regarded by the court below, being the only foundation of the judgment rendered in favor of the defendant against

the plaintiffs. Such a counter-claim must state facts sufficient to constitute a cause of action in favor of the defendant against the plaintiff, or it will be subject to a demurrer.

This brings us to the consideration of the causes assigned for the demurrer.

The first may be disregarded as inapplicable to the pleading, which was not in bar of the action. The second, that the pleading did not "state facts enough for a counter-claim," is one not known to the statute, and should perhaps be regarded as not raising any question as to the validity of the pleading. *Lane* v. *The State*, 7 Ind. 426; *Tenbrook* v. *Brown*, 17 Ind. 410. The cause of demurrer should have been, that the pleading did not state facts sufficient to constitute a cause of action. A demurrer to a complaint assigning for cause, that it did not state facts sufficient for a complaint, would seem, under the statute and the rulings thereon, to be insufficient, but it would be quite as appropriate as a demurrer to a counter-claim because it did not state facts enough for a counter-claim. But whether any cause of demurrer was well assigned or not, the question of the sufficiency of the pleading, regarding it as a counter-claim, is before us. The objection, that a complaint does not state facts sufficient to constitute a cause of action, is not waived by a failure to demur thereto. 2 G. & H. 81, sec. 54. A counter-claim of the character of that under consideration is a complaint within the spirit and intent of the statute. The complaint for review assigns for error, in the proceedings sought to be reviewed, among other things, the rendering of judgment for the defendant for one hundred and ten dollars on his counter-claim; and also that the counter-claim does not state facts sufficient to sustain the judgment. These assignments are sufficient to question the sufficiency of the facts set up in the counter-claim. The counter-claim, regarded as a complaint, is clearly defective for the want of a statement of sufficient facts. It not only does not contain the original or a copy of the written con-

tract, but it does not in any manner adopt and make a part thereof the copy set out in the original complaint; nor does it contain averments that embody the substance of the written contract and make it the foundation of the pleading. It admits, to be sure, the execution of the contract mentioned in the complaint, but that admission does not make the contract a part of the pleading, for the purpose of making it the foundation of the counter-claim. Reference would still have to be made to the complaint to ascertain what contract was admitted to have been executed, and the terms thereof. A counter-claim, like other pleading, should be good by itself without aid from other pleadings in the cause, or from exhibits contained therein, where such exhibits are in no manner adopted and made a part of such counter-claim.

Without the written contract, as we have seen, the pleading was radically defective.

This case differs from that of *Train* v. *Gridley*, 36 Ind. 241, as in that case the error complained of was waived by a failure to except.

Here, as has already been stated, the failure to demur to the pleading was not a waiver of the objection that it did not state facts sufficient, etc. We quote the following passage from the opinion in the case above cited, p. 248:

"It seems to be settled by authority and on principle, that a judgment cannot be reviewed for error of law appearing in the proceedings and judgment, unless there was an objection and exception to the ruling of the court, which is sought to be reviewed, where the question would be waived where there was no exception. But this rule would [not] apply where there was no waiver." By a typographical error, or perhaps by an inadvertent omission in the manuscript opinion, the negative word "not" is left out of the last clause in the paragraph quoted, in the volume from which we quote, but we have supplied the omission in the quotation, in accordance with the evident meaning as gathered from the context.

We are of opinion, for the foregoing reasons, that the demurrer to the complaint for review should have been over-ruled.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to proceed in accordance with this opinion.

*J. M. Allen* and *W. Mack*, for appellants.