## THE INDIANA MUTUAL BUILDING AND LOAN ASSOCIATION, NO. 2, *v.* CRAWLEY ET AL.

[No. 18,421. Filed November 3, 1898.]

PLEADING.—*Counterclaim.*—A counterclaim is not a defense to a plaintiff's action, but is a cross-action by the defendant, and it must state facts sufficient in law to constitute a cause of action, or it will be held bad on demurrer. *pp. 417, 418.*

SAME.— *Answer.— Counterclaim.*— A pleading cannot perform the office both of answer and counterclaim. *p. 418.*

SAME.—*Building and Loan Association.—Foreclosure of Mortgage.—Answer.—Counterclaim.*—A pleading in defense of an action to foreclose a building and loan mortgage which admits the execution of the mortgage and the delinquency of defendant in his payments thereon and alleges that defendant has paid a certain amount upon the stock borrowed on, that he is entitled to have the stock canceled and the proceeds thereof including six per cent. interest thereon applied as a credit on his loan is not good either as an answer or counterclaim. *p. 418.*

SAME.—*Building and Loan Association.— Foreclosure of Mortgage.—Answer.—Usury.*—An answer to a complaint in foreclosure of a mortgage given to a building and loan association which alleges that by the terms of the note and mortgage a greater rate of interest was contracted for than allowed by law; that the portion thereof called premium was not to be paid for a preference in procuring said loan; that defendant had paid $55.60 in excess of the legal rate; and asking that this amount be recouped against any sum found

due plaintiff does not state facts sufficient to show payment by defendant of any usurious interest. *pp. 418-421.*

From the Sullivan Circuit Court. *Reversed.*

*Robert W. McBride, Caleb S. Denny, W. W. Lowry* and *O. B. Harris*, for appellant.

*William T. Douthitt*, for appellees.

JORDAN, J.—Appellant, as the plaintiff below, commenced this action to recover a judgment upon a note, and to foreclose a mortgage. The note was executed alone by the appellee, Charles E. Crawley, and the mortgage to secure it was executed by him and his wife. The complaint alleges that the plaintiff is a mutual building and loan association, organized under the laws of the state of Indiana; that the defendant, Charles E. Crawley, upon the 26th day of October, 1892, by his note, bearing date of October 1, 1892, promised to pay to plaintiff $1,200 with attorney's fees, and 6 per cent. interest per annum, and 4 per cent. premium per annum thereon, together with monthly dues upon twelve shares of stock at the rate of $9.60 upon said shares, all of which, interest, premium and dues, it is averred, are payable monthly, on or before the last Saturday in each month, at the office of said association at Indianapolis, Indiana.

The complaint also alleges that at the time of the execution of the note, the defendant, Charles E. Crawley, pledged to the plaintiff, as collateral security for the payment of the note, the said shares of stock which he held in the association, and, as further security, that he and his wife executed the mortgage upon the real estate therein described, etc. The complaint alleges that by the terms and stipulations of said mortgage, the failure of the defendant, Crawley, to pay for a period of three months any installment of interest, premium or dues, or for a failure

for sixty days after they became due to pay the premiums for insurance, or taxes, would authorize the plaintiff to declare the said note due, and that the same, upon such default, would become due and collectible. The default of the defendant, Charles E. Crawley, for a period of four months in the payment of installments of dues, interest, premium and taxes, is alleged; and by reason of such default the plaintiff, it is averred, avails itself of its right or option, under the mortgage, to declare the entire debt due, including principal, interest and premium, etc. It is alleged that the stock pledged by the defendant as security is worth $445.52 and no more, and plaintiff offers to allow and apply said stock to that amount in payment of the debt. A judgment is demanded for $2,000, and for a cancelation of the stock, and a foreclosure of the mortgage, etc. Copies of the note and mortgage are filed as exhibits with the complaint. The note in suit, as disclosed by the exhibit filed, is as follows: "No—. First Mortgage Note. Non-negotiable. Indianapolis, Ind., October 1, 1892. For value received, I promise to pay to the No. 2 Indiana Mutual Building and Loan Association, a corporation duly organized under the laws of the state of Indiana, the sum of twelve hundred dollars, and reasonable attorney's fees, with six per cent. interest per annum and four per cent. premium per annum thereon, from date until paid, and monthly dues as provided in the by-laws of said association; all payable monthly, on or before the last Saturday of each month. Principal, interest, premium and dues payable at the office of the said association at Indianapolis, Ind., all without any relief from valuation and appraisement laws. Any failure to pay the monthly dues, interest or premium when due, shall make principal, interest and premium at once due, and any

waiver of the right to enforce the same shall not prevent the payee from enforcing the right upon any recurrence of the default.    The shares of stock in the said association held by the undersigned, as shown by certificate of stock No. 3,360, are hereby transferred and pledged to it as collateral security for the performance of the conditions of this obligation, and of the mortgage securing the same.    Charles E. Crawley."

The defendant Charles E. Crawley separately answered the complaint, his answer containing two paragraphs, the first being a general denial.    A demurrer was sustained to the second, and subsequently he filed an additional third and fourth paragraphs to his answer and also filed an amended second paragraph.    Appellant demurred to each of these for insufficiency of facts.    The court, over the exceptions of appellant, overruled this demurrer to each paragraph and appellant replied by a general denial.    Under the issues as joined, a trial by the court resulted in appellant obtaining a judgment against Charles E. Crawley for $684.60, and a foreclosure of the mortgage against all of the appellees; and it was further adjudged by the court that the building and loan stock set up in the complaint be canceled and forfeited to the plaintiff.

The error discussed by appellant, and principally relied on by it for a reversal, is the overruling of its demurrer to each of the three paragraphs of the answer.    The third paragraph of the answer, in part, is as follows:    "The defendant Charles E. Crawley, for additional third paragraph of his separate answer, and for counterclaim against the plaintiff, says that he admits the execution of the note and mortgage sued on, and says that the same were given in consideration of a loan of $1,200, made by plaintiff to this de-

The Indiana, etc., Ass'n, No. 2, *v.* Crawley *et al.*

fendant on October 26, 1892." The paragraph then proceeds to aver that the plaintiff "is a building and loan association organized and doing business under the laws of Indiana, and as such association it issued to the defendant the shares of stock mentioned in the complaint; that the defendant has paid on the said twelve shares of stock $422.40 and is entitled to interest on said dues at the rate of six per cent. per annum for twenty-five months, which interest amounts to $54.86, making in all, $477.26. Defendant says that he is entitled to have his said stock canceled and applied as a credit on said loan." The paragraph closes with a demand for judgment for $477.26, and for a cancelation of said stock. It will be seen that in the paragraph in question the defendant expressly admits the execution of the note and mortgage, and that the consideration therefor was a loan of $1,200. It is also alleged that the plaintiff is a building and loan association organized and doing business under the laws of the State, and as such association it issued to the defendant the building and loan stock mentioned in the complaint. The only averment of facts in addition to those mentioned above is that defendant has paid on his stock $422.40 as dues, and the pleading then states, as a conclusion, that he is entitled to six per cent. interest per annum on said dues for twenty-five months; and the pleader further concludes that the defendant is also entitled to have his stock canceled, and the sum of $477.26 applied as a credit on his loan.

The pleading certainly is not good as a counterclaim, for it states no such facts as would entitle defendant to a recovery against the plaintiff. A counterclaim, as our decisions affirm, is not a defense to a plaintiff's action, but it is a cross-action

by the defendant; and it must state facts sufficient in law to constitute a cause of action; otherwise it will be held bad on demurrer. Neither can such a pleading perform the office of both an answer and counterclaim. The defendant does not deny, in this paragraph, that he is a delinquent borrowing member of the association, but by his silence in this respect he tacitly admits that he is, as the complaint alleges, and that his stock is pledged as a security for the loan. It cannot be successfully contended that the paragraph alleges facts that would entitle the defendant to avail himself of the provisions of section 4450, Burns' R. S. 1894; being the section of the statute relating to the repayment by a borrowing member of a building and loan association of his loan, and his right to withdraw and secure a cancelation of his stock. The paragraph, if considered as an answer, is bad, at least, for the reason that it is pleaded as a complete defense to the cause of action, while the facts alleged therein, if sufficient in any respect, could only avail the defendant as a partial defense. Viewed, then, either as an answer or a counterclaim, the paragraph is not sufficient to withstand a demurrer.

The appellee, as stated by his counsel in his brief, relied upon the additional fourth paragraph of the answer to operate as a plea of usury. By this paragraph the defendant also expressly admits the execution of the note and mortgage in suit, and says that the consideration thereof was the loan of $1,200 mentioned in the complaint. It is then alleged that by the "terms of the note and mortgage a greater rate of interest was contracted for than that allowed by law, to wit, ten per cent., six per cent. of which was called interest and four per cent. premium." The answer then alleges that the note "is a usurious and un-

lawful contract; that the said four per cent., called premium, was not to be paid for a prefence in procuring said loan, but the whole of said ten per cent. was charged without bidding for said money." The paragraph then ends with the following averment: "Said defendant, before the bringing of this suit, was required to pay, on the account of interest on said loan, the sum of $373.60, which is $55.60 in excess of the legal rate."

The prayer is that this amount be recouped against any sum found due the plaintiff. By this paragraph the pleader apparently attempts to raise the question of appellant's right to charge a premium upon a loan of money to a member of the association in the absence of any bidding for a preference in procuring such a loan, as provided under section 4449, Burns' R. S. 1894. But the only thing tending to show that the four per cent. premium in controversy is not in the nature of a bonus, bid by the defendant as a preference in obtaining his loan, is the averment of the pleader, "that the said four per cent. per annum, called 'premium,' was not to be paid for a preference or priority in procuring said loan, but the whole of said ten per cent. was charged without bidding for said money." Section 4449, *supra*, provides, "The by-laws of the association shall prescribe the manner of awarding loans to its members, the time or times when the premium, if any, shall be paid, the rate of interest to be charged not exceeding the then legal contract rate, * * * or such association may provide in its by-laws that the loans shall be made to the members of the association who shall bid the highest premiums for the preference or priority in procuring loans (the premium to be payable at one time or installments), etc." The eighth section of the building and loan law, being section 4451, Burns' R.

S. 1894 (3414, Horner's R. S. 1897), provides that no premium in addition to the interest on any loan shall be deemed to be usurious, and it is provided that the same may be collected. If the four per cent. which the defendant agreed to pay was not legally exacted, but was simply an attempt to evade the law against usury, the burden was on the defendant to disclose such illegality by the averment of facts, and not by bare assertions.

If the plaintiff had not adopted by-laws relative to awarding loans, and controlling the matter of premiums upon the same, as authorized by section 4449, *supra*, such facts ought to have been disclosed by the pleadings. If the plaintiff had adopted such by-laws, but had failed to conform to them in making the loan to the defendant, then that fact ought to have been shown. Again, if the premium in dispute is but a guise to cover up an illegal charge, the payment of which the plaintiff has exacted from the defendant, then the amount which the latter has paid upon such premium, or which has been reserved by the former, should be shown in order to authorize a recoupment. The only averment as to payment is that "before the bringing of this suit the defendant did pay on account of interest on said loan the sum of $373.60." This amount, the pleader states as a conclusion, was $55.60 in "excess of the legal rate." The note in suit, upon its face, only professes to draw six per cent. interest, and, if the defendant paid usurious interest, it, under the circumstances, must have resulted from his paying what, as is claimed, was an illegal premium.

Under the limited facts, as they are stated in the paragraph in question, this feature of the case is left to conjecture. The defendant relied upon a charge of usury to entitle him to the recoupment which he seem-

ingly demanded under the provisions of section 7046, Burns' R. S. 1894. Consequently, upon his theory that the premium in dispute was unlawful, he was required to show that fact by his pleading, and further to disclose that he had paid, in whole or in part, the money which the plaintiff had unlawfully exacted. Stripped of the conclusion that the amount of $55.60 was in excess of the legal rate, it may be said that there are no facts going to show the payment by the defendant of any usurious interest. It is elementary that a pleading must state facts, not conclusions. Elliott's Genl., Prac., section 425. The question as here presented is one relative to good pleading, not what the appellee might be permitted to prove under proper pleadings and facts assailing the methods of the plaintiff in regard to the loan in controversy.

The second amended paragraph of the answer, which is improperly termed by the pleader, "a counter claim," is so replete with evidence, conclusions and verbosity that it is difficult to ascertain upon what particular theory it proceeds. If it is intended to operate as a defense of partial payment of the cause of action, it ought to be held bad upon demurrer, for the reason, at least, that it is not limited as a partial defense but professes to answer the entire complaint. The court erred in overruling appellant's demurrer to the third and fourth additional paragraphs of the answer, and the judgment is therefore reversed, and the cause remanded, with instructions to the court to sustain appellant's demurrer to these paragraphs and to grant leave, if desired, to either party to reform the issue.