STONER *v.* SWIFT ET AL.

[No. 20,625. Filed May 12, 1905.]

1. PLEADING.—*Counterclaim.*—*Use of.*—A counterclaim is any matter arising from or connected with the cause of action which might be a cause of action in favor of defendant or reduce the plaintiff's claim. p. 653.

2. SAME.—*Counterclaim.*—*Answer.*—A counterclaim can not perform the office of an answer. p. 654.

3. SAME.—*Answer.*—*Counterclaim.*—*Distinction.*—An answer defeats the plaintiff's cause of action or a part of it. A counterclaim neither admits nor denies plaintiff's cause of action, but states a cause in favor of defendant. p. 654.

4. SAME.—*Counterclaim.*—*What It Must Contain.*—A counterclaim must state facts sufficient to constitute a cause of action in favor of defendant. p. 654.

5. PLEADING.—*Counterclaim.*—*Demurrer.*—A counterclaim which does not state facts sufficient to constitute a cause of action in favor of defendant is bad on demurrer. p. 655.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by John D. Stoner against Theodore Swift and another. From a judgment for plaintiff for less than his claim, he appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Frank E. Osborn* and *W. A. McVey,* for appellant.

*E. E. Weir, Philo Q. Doran* and *Elias D. Salsbury,* for appellees.

MONKS, J.—Appellant brought this action against appellees to recover for wheat sold and delivered to them. The complaint was in two paragraphs, the first being a common count to recover the balance due on 324 bushels of wheat; and the second set up a special contract for the sale of 324 bushels of wheat at $1.02 per bushel, alleging a breach of said contract, and demanding judgment. Appellees answered by general denial, and filed a counterclaim. The counterclaim alleged a special contract for the sale by appellant of 600 bushels of wheat at $1.02 per bushel, upon which $164.64 had been paid, and that only 328 bushels and 25 pounds had been delivered; that, by reason of the failure of appellant to deliver the remaining 272 bushels and 35 pounds, appellees had been damaged $157.52, which with the sum of $164.64 paid amounted to $322.16. Judgment demanded for so much as the court may find due for a breach of said contract. A trial of said cause by the court resulted in a finding and judgment in favor of appellant for $11.86.

1. It is insisted by appellant that appellees' counterclaim was insufficient, because the readiness of appellees to perform their part of the contract sued upon therein—that is to pay for said wheat on delivery—is not shown by direct allegation or otherwise; citing *Magic Packing Co.* v. *Stone-Ordean, etc., Co.* (1902), 158 Ind. 538, 541, 542, and cases

cited; *Beard* v. *Sloan* (1868), 30 Ind. 279; *Smith* v. *Smith* (1846), 8 Blackf. 208.

Section 353 Burns 1901, §350 R. S. 1881, provides: "A counterclaim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages."

2. A pleading can not perform the office of both an answer and a counterclaim. *Indiana, etc., Assn.* v. *Crawley* (1898), 151 Ind. 413, 417, 418; *Bird* v. *St. John's, etc., Church* (1900), 154 Ind. 138, 149; *Hadley* v. *Prather* (1878), 64 Ind. 137, 139; *Douthitt* v. *Smith* (1880), 69 Ind. 463, 467; *Blakely* v. *Boruff* (1880), 71 Ind. 93, 96, 97.

3. It was said by this court in *Bird* v. *St. John's, etc., Church, supra,* at page 149: "The distinction between an answer and a counterclaim or set-off is an obvious one. The purpose of an answer is to defeat the action and bar recovery. A counterclaim or set-off, on the contrary, is a pleading by which the defendant states a cause of action in his own favor, and against the plaintiff. It does not purport to answer the complaint, or to set forth any facts which bar recovery upon it. It has none of the properties of an answer. It neither admits nor denies the allegations of the complaint. It does not confess and avoid them. Where a defendant succeeds upon an answer going to the whole complaint the only judgment the court can pronounce is that the plaintiff take nothing by his complaint, that the defendant go hence thereof without day, and, by virtue of the statute, that the defendant recover his costs. If a defendant wishes to obtain affirmative relief against the plaintiff, he must state his cause of action by way of counterclaim or set-off. It is settled beyond dispute that the same pleading can not be treated both as an answer and a counterclaim."

4. It is provided in §350 Burns 1901, §347 R. S. 1881, that set-off and counterclaim may be pleaded as answers,

but to be sufficient they must allege facts sufficient to constitute a cause of action against the plaintiff. *Blue* v. *Capital Nat. Bank* (1896), 145 Ind. 518, 520, and cases cited; *Indiana, etc., Assn.* v. *Crawley, supra; Branham* v. *Johnson* (1878), 62 Ind. 259, 263; *Flanagan* v. *Reitemier* (1901), 26 Ind. App. 243, 247; 1 Works' Practice (3d ed.), §665, and cases cited.

5. Appellees contend that their counterclaim was only an answer, and belongs to the second class mentioned in *Campbell* v. *Routt* (1873), 42 Ind. 410, 413, and that for this reason the rule of pleading urged by appellant does not apply. The part of the opinion in *Campbell* v. *Routt, supra,* cited by appellees, reads as follows: "As thus defined, counterclaims may be divided into two classes, though in both they must arise out of, or connected with, the cause of action, viz.: (1) Such as are based upon matters that may be the subject of an action in favor of the defendant against the plaintiff. (2) Such as embrace matters that go merely in mitigation of damages."

Even if the classification of counterclaim made in *Campbell* v. *Routt, supra,* can be maintained—a question we need not and do not decide (see, however, 1 Works' Practice (3d ed.), §665, and cases cited)—yet, as appellees' counterclaim alleges facts as the foundation of a claim in favor of appellees against appellant, and demands judgment in the court below, it clearly belongs to the first and not to the second class mentioned in said opinion, concerning which it was said on page 416: "Such a counterclaim must state facts sufficient to constitute a cause of action in favor of the defendant and against the plaintiff, or it will be subject to a demurrer."

It is evident that the court erred in overruling appellant's demurrer to the counterclaim. Judgment reversed, with instructions to sustain the demurrer to the counterclaim, and for further proceedings not inconsistent with this opinion.