## GEORGIA CASUALTY COMPANY v. SCHREPFERMAN.

### [No. 9,806.   Filed April 16, 1919.]

1. APPEAL.—*Review.—Harmless Error.—Striking Out Answer.*—In an employer's action on an employer's liability policy for the amount of a judgment recovered by an injured employe, an answer setting up collusion between the employer and the injured employe and alleging that the judgment against the employer was obtained without trial and without evidence being presented in pursuance of a conspiracy, was not a counterclaim, since it stated no cause of action in favor of defendant, and, being an answer, error, if any, in striking it out was harmless, where all evidence offered by defendant under its allegations was admitted over plaintiff's objection, and its alleged facts were traversed by special findings.  p. 19.

2. INSURANCE. — *Employers' Liability Insurance. — Policy. — Construction.—Immediate Notice of Injury.*—Where an employe was injured on October 17, 1913, and the employer gave notice of the accident to the company carrying his employer's liability insurance on October 20, and again on November 28, and, having received no acknowledgment thereof, sent another notice on December 29 on a blank furnished by the insurer, the notice to the insurer was sent within such time as to constitute compliance with a provision of the policy requiring immediate written notice of the occurrence of an accident.  p. 20.

3. INSURANCE.—*Employers' Liability Insurance.—Insured's Action on Policy.—Defenses.—Fraud or Collusion.*—In an action on an employer's liability policy for the amount of a judgment recovered by an injured employe, where the insurer, with full knowledge of the accident, injury and pendency of the suit therefor and of the proceedings in court when the judgment was rendered against the employer, failed and refused to participate in the defense, as provided by the terms of the policy, it cannot challenge the judgment obtained by the employe for fraud, collusion, or for any other reason.  p. 22.

From Putnam Circuit Court; *James P. Hughes,* Judge.

Action by Nick Schrepferman against the Georgia Casualty Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Hutchinson & Burns* and *Harp & Murphy,* for appellant.

*McGregor, Knight & Miller* and *Edward H. Knight,* for appellee.

NICHOLS, J.—The appellant issued to the appellee a policy of indemnity insurance, for a valid consideration, by which policy it insured and indemnified appellee against loss resulting from claims against him for damages on account of bodily injuries accidentally suffered by any employe of appellee at his mine, not exceeding $5,000, and costs assessed against appellee and expenses. One Cornelius Schrepferman, son of appellee, and who was an employe of appellee, while so employed, was injured, for which injury he prosecuted an action against appellee, and recovered a judgment in the sum of $5,000 and costs, which amount appellee was compelled to pay, together with appellee's attorney's fees. Appellant refused to reimburse appellee, on demand, for the amount so paid out, and appellee thereupon commenced this action.

Errors relied upon for reversal, which are not waived are: (3) Error in sustaining appellee's motion to strike out the third paragraph of answer. Nos. 4, 5 and 6 challenge the court's conclusions of law. Nos. 7 and 8 are predicated on error of the court in overruling the motion for a new trial, and in sustaining appellee's motion for judgment on the findings and conclusions.

The complaint is quite long, covering, with its exhibits, twenty-one pages of appellant's brief. It is in two paragraphs, the second of which is in substance as follows: The defendant is an indemnity insurance company, organized in the State of Georgia, and doing business in the State of Indiana, such insur-

ance commonly being known as "Employers' Liability
Insurance." Plaintiff is, and was at the time here-
inafter mentioned, engaged in mining coal, employing
a large number of men, including Cornelius Schrep-
ferman. Defendant for a consideration of $100 issued
its certain policy to plaintiff indemnifying plaintiff
for one year from June 12, 1913, against loss arising
from claims upon plaintiff for damages on account of
bodily injuries accidently suffered or alleged to have
been suffered by any employe of plaintiff by reason
of the operation of his mine, and thereby agreeing to
make good unto plaintiff any loss or damage, not ex-
ceeding $5,000, and further agreeing to defend any
suit in the name of, and in the behalf of the plaintiff,
and to pay all expenses in defending such suit, and
court costs, whether the verdict be for or against the
plaintiff, and regardless of the limit of liability ex-
pressed in the policy. On October 17, 1913, said Cor-
nelius Schrepferman, while employed by plaintiff as
an engineer, and while engaged in the duties of his
employment, was injured, and thereafter, to wit, on
May 4, 1914, commenced suit in the Clay Circuit
Court, against plaintiff to recover damages for such
injury, such suit being cause No. 8162, entitled Cor-
nelius Schrepferman v. Nicholas Schrepferman. Sum-
mons was duly issued in said cause, and served on
this plaintiff. On October 29, 1914, said Cornelius
Schrepferman recovered a judgment on trial of the
issue in said action in said court against this plaintiff
for $5,000, together with costs, taxed at $30.65. De-
fendant had full notice and knowledge of the filing of
said action, but failed and refused to defend such suit,
and notified plaintiff by telegraph, several months
prior to the trial, that it would not defend the suit,

although requested so to do in writing by plaintiff. Plaintiff was compelled to employ counsel to defend such suit, whose services were reasonably worth $300, which amount plaintiff was compelled to pay. On December 2, 1914, plaintiff paid the clerk of Clay Circuit Court $5,030.65, in full satisfaction of said judgment and costs. The loss thereby sustained by plaintiff was one against which plaintiff was insured and indemnified by. said policy. Plaintiff has duly performed all the conditions of the policy. Within three days after said accident and injury to said Cornelius Schrepferman, as aforesaid, plaintiff sent by mail, properly addressed and postage paid, a written notice of said accident and injury, to said defendant, at its home office in Macon, Georgia, and within forty-two days after said accident, plaintiff again sent by mail, as aforesaid, a written notice of such accident and injury to its said home office. Plaintiff received no answer to either of said written notices. On December 15, 1913, plaintiff telephoned to defendant's local and duly authorized agent, at Indianapolis, Indiana, inquiring as to why such notices had not been duly acknowledged, and why defendant had not made some investigation. Thereafter said defendant by its said agent notified plaintiff by mail, December 27, 1913, that it had no record in its office of ever having received a notice of accident from plaintiff, and therewith inclosed a blank notice of accident and requested plaintiff to fill out and return the same, by mail, giving all facts connected with the accident, stating that defendant would then take the matter up, and investigate without delay, and requesting plaintiff not to delay sending notice by early mail. On December 29, 1913, plaintiff returned said notice, filled out, and

stating all facts connected with said accident of which plaintiff had knowledge, and such notice was received by defendant in due course of mail. On May 6, 1914, plaintiff forwarded to defendant, at its home office, in Macon, Georgia, by registered mail, properly addressed and postage prepaid, a certified copy of the summons served on him in said suit, which was received by defendant, May 7, 1914. On December 3, 1914, plaintiff demanded of defendant $5,330.65, which was refused. Judgment for $5,330.65 is demanded. The first paragraph of complaint is similar to the second, but not so specific in its details.

The policy is marked "Exhibit A," and made a part of the complaint. Condition B of the policy is as follows:

> "Condition B. When any accident occurs the assured shall give immediate written notice thereof to the company at its home office in Macon, Georgia, or to its duly authorized agent. If any claim is made on account of such accident the assured shall give like notice thereof. If any suit is brought to enforce such a claim the assured shall immediately forward to the company at its home office in Macon, Georgia, every summons or other process as soon as the same is served on him, and the company shall defend such suit (whether groundless or not) in the name and on behalf of the assured. All expenses (legal and otherwise) incurred by the company in defending such suit and all court costs assessed against the assured shall be paid by the company (whether groundless or not) in the name and on behalf of the assured. All expenses

(legal and otherwise) incurred by the assured in defending such suit and all court costs assessed against the assured shall be paid by the company (whether the verdict is for or against the assured) regardless of the limits of liability expressed in Condition N. The assured shall always give to the company all co-operation and assistance possible. The company shall have the right to settle any claim or suit at its own cost at any time.''

To this complaint, after demurrer was overruled, appellant filed answer in three paragraphs, the first being a general denial, the second pleading breach of warranty contained in the schedule, and the third being in substance as follows: Defendant says that plaintiff ought not to recover on either paragraph of complaint because the policy provides in express terms that the defendant was to reimburse only for a loss actually sustained and paid in satisfaction of a judgment after a trial and legal determination of the issue in the cause on its merits; that the judgment which forms the basis of the action in both paragraphs of complaint is not a *bona fide* judgment after a trial of the issues on the merits thereof, but on the contrary the said judgment was entered by the consent of the plaintiff and by a collusion and conspiracy between the plaintiff herein, and the plaintiff in the action of Cornelius Schrepferman v. Nicholas Schrepferman, referred to and identified in the plaintiff's complaint herein, and was entered without any trial of the issues therein, and without any evidence whatever being presented or heard by the court in said cause; and the judgment as ordered aforesaid was not a proper judgment in said action; that the min-

utes entered by the judge in his docket in said cause, from which the clerk of the court made the entry in the order book, which was signed by the court, was dictated by the attorney for the plaintiff herein in pursuance of said conspiracy and collusion; that any sum which was paid to said Cornelius Schrepferman was a voluntary payment, without any legal hearing or determination of the facts, by any court whatsoever, and this defendant is not responsible, and cannot be made to respond in damages therefor, for the reasons aforesaid.

This paragraph of answer was stricken out, on the motion of the plaintiff, for the reason that it was an argumentative denial, and that all proof admissible thereunder could be given under the first paragraph of answer. To this ruling the appellant excepted. The appellant filed its reply in general denial. There was a trial, and special finding of facts, on which, with other facts, the court found: That the appellant issued to the appellee the policy, "Exhibit A" of the complaint covering the time involved in this suit; that Cornelius Schrepferman, on October 17, 1913, while in the employ of appellee, and while in the line of his duties, was injured, which injury resulted in the amputation of his right leg above the knee; that on October 20, 1913, and on November 28, 1913, appellee gave written notice of said accident to appellant, at its home office, in Macon, Georgia, and that the same was in reasonable time; that on December 27, 1913, appellant delivered to appellee a blank notice of accident, with a request to fill it out, and that appellee did, on December 29, 1913, fill it out and deliver it to appellant, stating all the facts which he had knowledge of; that on May 4, 1914, said Cornelius

commenced suit against appellee, and on May 6, appellee sent a certified copy of the summons served on him to appellant, at its home office, aforesaid; and that it was received by appellant on May 7, 1913; that on June 15, 1914, appellee inquired, by telegram, of appellant whether it intended to defend in said suit, and that on June 16, 1913, appellant informed appellee by telegram, from its home office, that it would not, and thereupon appellee employed attorneys to advise him in the preparation of his defense, and to defend him in said suit; that on October 29, 1914, said cause, being at issue, was submitted to the court for trial, and said Cornelius Schrepferman recovered judgment, after trial of the issues in said action, against plaintiff, for $5,000 and costs, taxed at $30.65, which was duly entered of record, and was unappealed from, and thereafter remained in full force and binding effect; that appellant was, on May 7, 1914, notified in writing at its home office in Macon, Georgia, of the commencement of said suit, by said Cornelius Schrepferman, against appellee, and at all times thereafter appellant had knowledge of the pendency of said action, but failed and refused to defend the same; that on December 2, 1914, appellee paid to the clerk of Clay Circuit Court $5,030.65 in full of said judgment and costs, and $300 attorney fees to his said attorneys, which amount was a reasonable attorney fee. That on December 3, 1914, appellee made demand on appellant for reimbursement, in the sum of $5,330.65; that the material facts set out and charged in the complaint were established by a preponderance of the evidence; and that the judgment recovered by Cornelius Schrepferman v. Nicholas Schrepferman, appellee, was recovered in good faith, and without fraud, collusion, or conspiracy.

On the findings of the court, conclusions of law Nos. 1, 2 and 3 were stated as follows: (1) That the judgment rendered in said cause of action, between Cornelius Schrepferman and Nicholas Schrepferman, is binding and conclusive upon the defendant, Georgia Casualty Company, in this action, so far as concerns the facts of the rendition of the judgment, its amount, and the cause of action on which it was rendered. (2) That the defendant, Georgia Casualty Company, is responsible over to the plaintiff, Nick Schrepferman, to the amount of the judgment and costs in said action of Cornelius Schrepferman v. Nicholas Schrepferman, plaintiff herein, together with costs and expenses reasonably incurred by the plaintiff herein in the defense of said action. (3) That the plaintiff herein, Nick Schrepferman, is entitled to recover from the defendant, Georgia Casualty Company, in this action, the sum of five thousand three hundred thirty and 65-100 dollars ($5,330.65). Based on the findings of the court there was no error of law in these conclusions.

After motion for a new trial, which was overruled, judgment was rendered in favor of appellee, from which this appeal is prosecuted.

Appellant contends that the third paragraph of answer was in the nature of a counterclaim. If so, it constituted an affirmative, direct attack upon the judgment, and it was error to strike it out; but this contention cannot be sustained. It does not undertake to state a cause of action in favor of appellant, but only to defeat a recovery by the plaintiff. *Stoner* v. *Swift* (1905), 164 Ind. 652, 74 N. E. 248. Being but an answer, error, if any, in striking it out was harmless, for the reason that all

evidence offered by appellant in harmony with its allegations was admitted, over the objection of the appellee, and its alleged facts were traversed by the special findings. *Barkley* v. *Barkley* (1914), 182 Ind. 322, 106 N. E. 609, L. R. A. 1915B 678; *Western Union Tel. Co.* v. *Meek* (1874), 49 Ind. 53.

Under the seventh and eighth assignments of error, the appellant discusses the validity of the notice of the accident served upon the appellant by the appellee, and the validity and good faith of the judgment rendered in favor of Cornelius Schrepferman against the appellee. The trial court, in its findings of fact, expressly found in favor of the appellee on both of these questions. As we view the evidence, it fully justifies the findings. The conduct of the appellant with reference to each of these matters is not such as to commend it to the court, and justifies the appellee in denouncing the appeal as vexatious. The injury to appellee's son, which occurred October 17, 1913, was so serious as to necessitate the amputation of his right leg above the knee, on October 23, 1913. Notwithstanding the anxiety necessarily incident to these days, on October 20 appellee notified the appellant of the injury, and, receiving no answer, he again notified appellant on November 28. Appellant denied receiving each of these notices, but afterward, on the order of the court, produced the notice of November 28 in court. This fact creates an impression upon the court, to say the least, that appellant was careless with its files. On December 27, 1913, appellant sent to appellee a blank form of notice to be filled out, which was filled and returned December 29, 1913. We do not need to cite authorities to sustain our opinion that the notice was within a reason-

able time.  As far as appears by the record, appellant gave no further attention to the matter, and on May 4, 1914, suit was commenced against appellee.  The summons was served on appellee, and a copy of it was sent to appellant, but it gave no further attention to it until June 15, 1914, in answer to telegraphic inquiry as to whether it would defend the suit, it answered that it would not "on account of delayed notice." The case then stood upon the docket until October 29, 1914, during which time appellant failed and refused to appear and defend the suit, and this in the face of the provision in its policy that the "company shall defend such suit (whether groundless or not) in the name and on behalf of the assured."  We find no provision in the policy requiring the appellee to defend any suit.  While appellant did not defend the suit as it was required to do by the terms of its policy, evidently, it was standing by watching results, and seeking an avenue through which it could escape from the legitimate liability.  The case was set for trial on October 29, 1914.  Before that time, appellant by its agent or attorney employed a stenographer in the city of Terre Haute to go to the Clay Circuit Court on the day set for the trial of the case, and to make notes of the proceedings of the court.  It is to be said to her credit that she did not know anything about the case or the purpose for which her notes were being taken. She appeared as arranged, and the appellant appeared by its agent or attorney, but apparently he was not acquainted with her—at any rate, he did not speak to her or notice her.  He was present, but not there!  Present for the purpose of spying upon the court, and challenging its proceedings for collusion and fraud, thereby haply saving appellant from the

payment of a legitimate liability, but not there for the purpose of defending the suit, as, by the terms of its policy, it was bound to do. With full knowledge of the accident and injury, and of the pendency of the suit, and of the occurrences in court on the day the judgment was rendered, but failing and refusing to participate in the defense, appellant is not now in position to challenge the judgment for fraud, or collusion, or for any other reason. *City of Bloomington* v. *Chicago, etc., R. Co.* (1913), 52 Ind. App. 510, 98 N. E. 188; *South Bend Pulley Co.* v. *Fidelity, etc., Co.* (1904), 32 Ind. App. 255, 67 N. E. 269, 68 N. E. 688. The last case cited is very much in point, holding that the defendant could not claim to have been prejudiced by the failure of the plaintiff to defend an action, the defendant having had an opportunity itself to defend the action, but failing and refusing so to do, and there being no showing that the judgment rendered was in any way one not proper to be rendered in the absence of any defense.

The appeal is without merit, and the judgment is affirmed, with ten per cent. penalty, and costs.