WALTER F. THOMPSON *v.* E. THOMPSON ABBETT, d/b/a
E. T. ABBETT & ASSOCIATES.

[No. 1-672A9. Filed December 18, 1972. Rehearing denied January
29, 1973.]

*Alan H. Lobley, Ice, Miller, Donadio & Ryan, of* Indianapolis,
for appellant.

*David B. Hughes, Hughes & Hughes,* of Indianapolis, for
appellee.

ROBERTSON, P.J.—This is the second appeal in the same case.
The prior opinion remanded the case for new trial. See

*Abbett* v. *Thompson* (1970), 148 Ind. App. 25, 263 N.E.2d 733. Upon remand the plaintiff-appellee (Abbett) filed a motion for a summary judgment which was granted. The sole alleged error claimed by the defendant-appellant is "whether the mandate of the Appellate Court directing the granting of the plaintiff's motion for new trial required that the defendant be afforded a new trial" in claiming a reduction in the contract price of the goods involved.

We are of the opinion that no error was committed by the trial court.

Because of the importance of the procedural aspects prior to the first appeal, it will be necessary to recapitulate the proceedings in some detail.

Abbett filed a complaint, later amended, in three legal paragraphs. Paragraph I sought $16,117.90 which represents the unpaid balance due upon a contract between the parties. Paragraph II asked for $3,373, plus interest, which is the value of merchandise delivered pursuant to another contract, and loss of profits on other items listed in the contract. Paragraph III, based on open account for goods sold and delivered and labor and services, prayed for $2,661.61, plus interest.

Thompson filed a reply in four paragraphs. Three of the paragraphs were admissions and denials of the complaint. The fourth paragraph, denominated a counter-complaint, alleged a breach of warranty and asked for judgment in the sum of $18,950.

Abbett filed an answer in three paragraphs to the counter-claim. One was in admission and denial. The two remaining paragraphs asserted affirmative defenses.

The trial court rendered two negative judgments by finding for defendant Thompson on plaintiff Abbett's complaint, and for plaintiff Abbett on defendant Thompson's counter-claim.

Abbett filed a motion for new trial, which was denied. The case was appealed with the then Appellate Court revers-

ing and remanding for a new trial. Thompson did not file a motion for a new trial nor file a cross appeal.

After a change of venue Abbett filed a motion for summary judgment which was granted. Two pertinent paragraphs in the court's judgment are:

"11. At the hearing on the plaintiff's motion for summary judgment, the defendant, by counsel, conceded that the above amounts due upon the three legal paragraphs of complaint are not in dispute and admitted that the only issue before this Court is whether the defendant is entitled to a re-trial of his counter-claim.

12. This Court now finds that the defendant is not entitled to such re-trial for the following reasons:

(a) The defendant did not file a motion for new trial as to his said counter-claim in the original trial court.

(b) The defendant did not file any cross appeal as to the negative judgment he received on his counter-claim in the Appellate Court.

(c) The opinion of the Appellate Court stated that the judgment with regard to the defendant's counter-claim was not before that court."

The specific language of the Appellate Court referred to in sub-paragraph (c) is:

"Only plaintiff-appellant [Abbett] has appealed, therefore, the judgment with regard to defendant-appellee's [Thompson] counterclaim is not before this Court." 263 N.E.2d at 734.

The decision in this case hinges upon the legal nature of the fourth paragraph of Thompson's answer. That paragraph reads:

"IV

Comes now the defendant, Walter F. Thompson, and for his counter complaint against plaintiff, alleges and says:

1. That defendant and counter complainant, Walter F. Thompson, is an individual engaged in the car washing business, which said business is located in the 2000 block of Massachusetts Avenue, Indianapolis, Marion County, Indiana.

2. That plaintiff and counter defendant is an individual engaged in the business of selling car washing equipment, with his principal office located at 4502 North Keystone Avenue, Indianapolis, Marion County, Indiana.

3. That on or about March 17, 1967, plaintiff and defendant entered into a contract whereby defendant agreed to purchase a certain 1 Bay Vibrapulse Automatic for the sum of Eighteen Thousand Nine Hundred and Fifty ($18,950.00) Dollars, a copy of said contract being marked Exhibit 'A' and attached hereto and made a part hereof.

4. That subsequent to said time, said Vibrapulse Automatic Car Washing Machine was delivered and installed on defendant and counter complainant's property.

5. That at the time said contract was entered into by plaintiff and defendant, the plaintiff and counter defendant, E. Thompson Abbett, d/b/a E. T. Abbett and Associates, made certain promises and warranties with regard to said Vibrapulse Automatic relative to the operation of said equipment.

6. That said Vibrapulse Automatic failed completely to properly wash automobiles as it was intended to do, and as plaintiff and counter defendant herein had told defendant and counter complainant herein that it would.

7. That defendant and counter complainant herein was required to expend large sums of money at various times for the maintenance and repair of said machinery.

8. That said Vibrapulse Automatic mechanism had fallen on automobiles, requiring additional expenditure of defendant and counter complainant herein.

9. That said Vibrapulse Automatic mechanism has been totally inoperable many times since plaintiff and counter defendant herein caused said mechanism to be delivered to defendant and counter complainant's premises, thereby causing defendant and counter complainant to lose the profits that he would have obtained by its operation.

10. That defendant and counter complainant was induced to purchase said Vibrapulse Automatic Car Washing Machine by the promises and warranties advanced by plaintiff and counter defendant herein.

11. That defendant and counter complainant has repeatedly requested that plaintiff and counter-defendant herein reclaim said Vibrapulse Automatic Car Washing mechanism, all to no avail.

12. That defendant and counter complainant herein has been damaged thereby in the sum of Eighteen Thousand Nine Hundred and Fifty ($18,950.00) Dollars.

WHEREFORE, defendant and counter complainant prays for a judgment against plaintiff and counter defendant in the sum of Eighteen Thousand Nine Hundred and Fifty ($18,950.00) Dollars, that his counter complaint be tried before a jury, that the costs of this action be assessed against plaintiff and counter defendant, and for all other relief proper in the premises."

Thompson asserts that the above pleading is an affirmative defense, in the nature of a setoff or counterclaim, based upon a breach of warranty. Abbett contends that the paragraph is a counterclaim upon which a judgment has been rendered and not appealed. It is, therefore, *res judicata.* We are of the opinion that Abbett's position is legally correct.

The facts stated determine whether the pleading in question is a counterclaim. *State ex rel. Ziffrin* v. *Superior Court etc.* (1961), 242 Ind. 246, 177 N.E.2d 898. See also: *Brindle* v. *Anglin* (1964), 202 N.E.2d 279. At the time of the original trial in this case, a counterclaim was statutorily defined as:

". . . any matter arising out of, or connected with, the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." Ind. Ann. Stat. § 2-1018 (Burns 1967).

Another statute provided:

"In any case, where a set-off or counter-claim has been presented, which, in another action, would entitle the defendant to a judgment against the plaintiff, the defendant shall have the right of proceeding to the trial of his claim, without notice although the plaintiff may have dismissed his action or failed to appear." Ind. Ann. Stat. § 2-1021 (Burns 1967).

The *Ziffrin* case, *supra,* suggests two tests to determine if the material pleaded constitutes a counterclaim. The first

is whether the defendant is entitled to an affirmative judgment. Secondly, would the defendant be able to continue to trial on his claim in the event the plaintiff dismissed his cause of action?

A reading of defendant's pleading readily shows it fulfills the office of a counter-claim, and thus, is more than a mere affirmative defense. The prayer for relief, as an example, plainly sets forth a request for affirmative relief in the form of a money judgment. Additionally, the counterclaim passes all tests for stating an independent cause of action.

We cannot subscribe to Thompson's position that the only relief sought was to reduce any amount found due and owing to Abbett. Ind. Ann. Stat. § 19-2-713 (Burns 1964), IC 1971, 26-1-2-713 authorizes an action for damages of the type the defendant asked for in his counterclaim. A reading of that statute does not reveal that such damages can only be asserted by means of an affirmative defense.

Having determined that a counter-claim existed, it is obvious that any legal efficacy which it possessed expired with the passage of time for an appeal. Nor was there any attempt to revive it, by means of affidavits, etc., subsequent to the prior appeal and prior to summary judgment.

Thompson indicates the reason for not filing a motion for a new trial or cross appeal is that the two negative judgments of the trial court produced the result which he desired, namely a reduction of the amount of money due and owing to Abbett. (It should be noted that counsel for Thompson is not the same counsel who participated in the trial and subsequent appeal). While this is a sufficient explanation of Thompson's actions, it cannot be used to resurrect an affirmative defense from the counterclaim at this late date.

The prior appellate decision in the case granted Abbett, and not Thompson, a new trial. That mandate, as Thompson

characterizes it, was satisfied by means of the summary judgment proceedings in the trial court.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 290 N.E.2d 468.