Doreen M. BRADEN, Appellant–Respondent,

v.

Howard W. BRADEN, Appellee–Petitioner.

No. 11A01–9104–CV–96.

Court of Appeals of Indiana, First District.

July 22, 1991.

Robert J. Bremer, Bremer & Cook, Greencastle, for appellant-respondent.

John J. Thomas, Thomas & Thomas, Brazil, for appellee-petitioner.

ROBERTSON, Judge.

Doreen M. Braden (Wife) appeals from an order of the trial court which granted Howard W. Braden's (Husband) motion to dismiss his petition for dissolution of their marriage, which had the effect of dismissing her counter petition. We reverse.

Husband filed a petition for dissolution of his marriage with Wife. The petition complied with the requirements for commencement of such proceedings, as provided in Ind.Code 31–1–11.5–4(a). The petition set forth the location and length of residence of each party in the state and county, the dates of the marriage and separation, the vital statistics of any unemancipated children, the grounds for dissolution of the marriage, and the relief sought upon dissolution.

Wife answered the petition and admitted allegations in Husband's petition which were aimed at the factual requirements of a petition for dissolution applicable to their situation. However, her pleading, entitled "Response," separately asked the trial court to dissolve her marriage with Husband and to divide Husband's pension and retirement benefits as part of her own statement of relief sought. Husband filed several motions to dismiss his dissolution action to which Wife objected, but the trial court eventually granted the motion and refused to reconsider its ruling, even after Wife informed the trial court that Husband had moved to Tennessee and had secreted himself there.

Wife claims her "Response" to Husband's petition was not an answer to a complaint nor a responsive pleading but was a counter petition for dissolution contemplated by I.C. 31–1–11.5–4(d), which states that a responsive pleading or a counter petition may be filed in a dissolution proceeding. Wife further claims she incorporated the essential elements of Husband's petition by reference when she admitted elements (1) through (5) of I.C. 31–1–11.5–4(a), required for commencement of dissolution proceedings. She reasons that admission of the first five requirements, when coupled with her specific statement of relief sought, constitutes a valid counter petition.

Husband counters with a claim that Wife's "Response" was a responsive pleading and not a counter petition. As a responsive pleading, Husband claims the document failed to meet the statutory conditions which prohibit dismissal. Husband directs us to I.C. 31–1–11.5–8.1, which states that when a party who had petitioned for dissolution of marriage files a motion to dismiss the action, the other party may file a counter petition no later than five (5) days after the filing of the motion to dismiss. Husband maintains Wife's failure to file any counter petition means she is not entitled to attack the dismissal.

Inasmuch as dissolution proceedings must comply with our civil rules, we believe we must harmonize the statute and the rules whenever possible. To do otherwise would be to ignore the very statutes that Husband wishes us to enforce. We therefore look to our trial rules, and case-law which interprets them, to determine

whether Wife's admissions and claim for relief constitute a valid counterclaim.

 A counterclaim must state facts sufficient to constitute a cause of action in favor of the defendant. *Stoner v. Swift* (1905), 164 Ind. 652, 74 N.E. 248; *No. 2 Indiana Mutual Building and Loan Ass'n v. Crawley* (1898), 151 Ind. 413, 51 N.E. 466. Also, pleadings are to be examined and treated according to their content rather than their captions. *Serban v. Halsey* (1989), Ind.App., 533 N.E.2d 162. Therefore, the fact that the pleading was entitled "Response" does not preclude a finding that it was, in fact, a counter petition. The facts stated determine whether the pleading in question is a counterclaim. *Thompson v. Abbett* (1972), 154 Ind.App. 503, 290 N.E.2d 468.

Wife's counter petition did not list the requirements of the statute but referred to the allegations in the paragraphs of Husband's original petition which specifically list the essentials of a dissolution petition. Such admissions sufficiently adopt those essentials in the counterclaim also. Such a reference specifically and properly adopts the information required by the statute. Two or more copies of the same factual information and grounds for dissolution would not subserve the interests of the parties, nor promote justice between them, any more effectually than one and would encumber the record and increase the expenses of litigation. *See Sidener v. Davis* (1879), 69 Ind. 336, 341–42 (contract filed with the original complaint was sufficiently made an exhibit in the counterclaim) *See also, Wadkins v. Hill* (1886), 106 Ind. 543, 7 N.E. 253.

Indiana Code Section 31–1–11.5–4(a) specifically states the petition for dissolution of marriage shall set forth the items listed in the statute. This requirement nevertheless does not run afoul of T.R. 10(C), which provides that statements in a pleading may be adopted by reference to a different part of the same pleading or in another pleading or in any motion. *See Macklin v. Butler* (7th Cir., 1977), 553 F.2d 525 (clear that Fed.R.Civ.P. 10(c) allows pleadings to incorporate earlier pleadings by reference).

This is exactly what Wife accomplished in this case. Wife admitted to certain allegations in Husband's petition and then stated the relief she sought. She adopted the statutory requirements for a dissolution petition, and her "Response" therefore validly pleaded a counter petition. We believe this position leads to disposition of this case on its merits in a just, speedy, and inexpensive manner. Husband must have known that Wife admitted the information stated in his petition; and, with her own claim for relief, she put him on notice of her own petition for dissolution.

█ While a counterclaim must state facts sufficient to constitute a cause of action in favor of the defendant, it may refer to and adopt many of the allegations of the complaint in matters of mere identification or description. *Anderson v. Wilson* (1884), 100 Ind. 402; *Gardner v. Fisher* (1882), 87 Ind. 369. The items of information and grounds for relief adopted by Wife in her counter petition merely identified and described the location and length of residence of the parties, the dates of the marriage and separation, the vital statistics of unemancipated children, and the grounds for dissolution of the marriage. The methods used by Wife were therefore a proper vehicle to adopt statements in Husband's petition by reference.

█ Moreover, Husband's voluntary dismissal of his complaint did not leave Wife's counter petition without the essential information of a petition for dissolution. Husband did not withdraw the papers or the information from the record when he obtained the dismissal, nor did he request the information be withdrawn. Without a doubt, Wife was entitled to an affirmative judgment on a petition for dissolution. Also, as Wife had admitted to the information, it remained for the benefit of the counter petition, still under the proper care and supervision of the trial court. *See Sidener v. Davis*, 69 Ind. at 341–342. Therefore, Wife should have been able to continue on her claim once Husband dismissed his cause of action.

Indiana Code Section 31–1–11.5–8.5 governs this situation and states that the trial

court shall set the petition and counter petition for final hearing no earlier than sixty (60) days after the initial petition is filed. The trial court should have done so in this case.

Reversed and remanded.

BAKER and CONOVER, JJ., concur.