355 N.E.2d 418 (1976)
Robert M. MONROE, Appellant (Plaintiff below),
v.
Mary E. STRECKER, Appellee (Defendant below).
No. 1-676A102.
Court of Appeals of Indiana, First District.
October 7, 1976.
Luther G. Johnson, of Mann, Mann, Chaney, Johnson & Hicks, Terre Haute, for appellant.
Zell & Beardsley, Clinton, Jordan D. Lewis, of Lewis & Lewis, Terre Haute, for appellee.
*419 LYBROOK, Judge.
Plaintiff-appellant Robert M. Monroe brings this appeal as a result of the trial court's alleged error in reducing Monroe's jury verdict by the sum of the advance payments made on behalf of defendant-appellee Mary E. Strecker, by her insurer.
We affirm.
Monroe initiated this action against Strecker to recover damages for injury to his wife caused by Strecker's negligent operation of a motor vehicle. The jury returned a verdict for Monroe in the sum of $25,000. After the verdict, but prior to the entry of judgment, Strecker filed a petition for credit for advance payment requesting a reduction of the amount to be paid by $8,534.71, which her insured had previously paid to Monroe. The trial court granted the credit and entered judgment in the sum of $16,465.29 plus costs.
Thereafter, in response to Monroe's Motion to Correct Errors, the trial court set aside the judgment and ordered a hearing on the petition for credit. Following a hearing, the trial court re-entered judgment in the sum of $16,465.29 plus costs. Monroe filed a second Motion to Correct Errors which was overruled and this appeal follows.

I
Monroe contends that the issue of advance payments was not properly before the court, in that the trial judge erred in allowing credit against the verdict.
This appeal requires us to consider for the first time the procedure by which a tortfeasor obtains credit for advance payments pursuant to IC 1971, 34-3-2.5-1 et seq. (Burns Code Ed.).[1] Monroe argues that Strecker waived the issue of advance payments by failing to assert a compulsory counterclaim for credit.
Monroe's argument is untenable for two reasons. Initially, Strecker's claim for credit would not have met the requirements of a counterclaim. Under Ind. Rules of Procedure, Trial Rule 8(A), the material pleaded must state a claim for relief. TR. 13(A) provides further that the right asserted must be in existence at the time of serving the pleading. See Thompson v. Abbett (1972), 154 Ind. App. 503, 290 N.E.2d 468. Under our advance payment statute, the tort-feasor's right to a reduction in the award arises only following a determination that plaintiff is entitled to recover. IC 1971, 34-3-2.5-2 (Burns Code Ed.) Consequently, Strecker could not have asserted a right to credit for advance payments at trial since, prior to plaintiff's recovery, no such right existed. Cf. Boles v. Steel (Ala.Ct. of Civil Appeals, 1972), 48 Ala.App. 268, 264 So.2d 191; Edwards v. Passarelli Bros. Automotive Service, Inc. (1966), 8 Ohio St.2d 6, 221 N.E.2d 708.
Secondly, the procedure which Monroe urges us to adopt would contravene the express *420 language of the statute. IC 1971, 34-3-2.5-1 (Burns Code Ed.) specifically states that evidence of advance payment shall not be admissible during the trial for any purpose.
This statute authorizes the trial court to accept proof of advance payment only after a verdict or decision in favor of the plaintiff has been rendered.

II
Finally, Monroe challenges the constitutionality of the statute. He argues that the statute violates the right of trial by jury guaranteed by Ind.Const., Art. I, Sec. 20.
The only authority cited by Monroe in support of this argument is City of Terre Haute v. Deckard (1962), 243 Ind. 289, 183 N.E.2d 815, which is factually distinguishable.
The distinction between Deckard and the case at bar is that the extent of the city's liability was dependent upon the existence of insurance in conformance with a statute. The existence of insurance constituted an affirmative defense which had to be pleaded and proven. In contrast, the statutory scheme on advance payments precludes a tort-feasor from asserting such payments as an affirmative defense. The existence of advance payments bears no relevance to the extent of defendant's liability. It becomes a material issue only after a determination of liability has been made.
Our advance payment statute therefore does not interfere with the right to trial by jury on the issue of liability. The statutory scheme merely prevents the injured party from being reimbursed twice for the same item of damage.
Affirmed.
ROBERTSON, C.J., and LOWDERMILK, J., concur.
NOTES
[1] The full text of the statute reads as follows: "34-3-2.5-1. Advance payments in personal injury and property damage cases.  In any action brought to recover damages for personal injuries, wrongful death or property damage[,] no payment made by the defendant or the defendant's insurance company to or for the plaintiff or any other person, hereinafter called an `advance payment,' shall be construed as an admission of liability by any person. Except as provided in section 2 [34-3-2.5-2] of this chapter, evidence of such payment shall not be admissible during the trial for any purpose by either plaintiff or defendant: Provided further, That this chapter [34-3-2.5-1 - 34-3-2.5-3] shall not apply to actions in which there is more than one defendant.

34-3-2.5-2. Evidence of advance payment  Reduction of award.  If in such action it is determined that plaintiff is entitled to recover, defendant may introduce evidence of any advance payment made, and the court shall reduce the award to the plaintiff to the extent that said award includes an amount paid by any such advance payment.
34-3-2.5-3. Limitation on liability.  No advance payment made by an insurance company on behalf of an insured shall increase the limits of liability of the insurance company under any existing policy of insurance, and the amount of any advance payment, made in respect to any claim shall be credited against any obligation of the insurance company in respect to said claim."