**STANDARD MUTUAL INS. CO.,**
**Appellant–Defendant,**

v.

**Edith M. PLEASANTS and Michael M.**
**Pleasants, Appellees–Plaintiffs.**

No. 49A02–9306–CV–298.

Court of Appeals of Indiana,
Second District.

Jan. 28, 1994.

Mark D. Gerth, Kightlinger & Gray, Indianapolis, for appellant-defendant.

W.F. Conour, Conour Doehrman, Indianapolis, for appellees-plaintiffs.

SHIELDS, Judge.

Standard Mutual Insurance Company (Standard Mutual) appeals the trial court's grant of summary judgment in favor of Edith and Michael Pleasants (hereinafter referred to collectively as "Pleasants"). We reverse.

## ISSUE

The dispositive issue is whether Standard Mutual is entitled to credit for payments it made under the medical payments coverage of Pleasants's insurance policy in fulfilling its obligations under the uninsured motorist coverage of the policy.

## FACTS

On December 18, 1989, Edith Pleasants was struck by a car driven by John Radford while she was crossing the street. Radford did not have automobile insurance at the time of the accident. Edith and her husband, Michael Pleasants, were insured by Standard Mutual at the time of the accident; their automobile insurance policy provided both uninsured motorist coverage and medical payments coverage.

Edith suffered severe injuries in the accident; her medical bills exceeded $27,000. Michael suffered loss of Edith's consortium. Standard Mutual paid Pleasants $5,000 under the medical payments coverage of their policy.[1] When a disagreement arose regarding liability for the accident,[2] the terms of the insurance contract required the parties to arbitrate the dispute.

Arbitration determined that Pleasants's total damages, without regard to fault, were $100,000. It was further determined that Edith was 50% at fault for the accident; therefore, Pleasants was entitled to recover $50,000.[3] Standard Mutual issued a check to Pleasants for $45,000, representing the arbitration award of $50,000 minus the $5,000 it had already paid Pleasants under the medical payments coverage of the policy. Standard Mutual subtracted the $5,000 based on a provision in the uninsured motorist coverage portion of Pleasants's policy that is the subject of this appeal.

---

1. The parties believed that $5,000 was the limit under the medical payments coverage portion of the policy; it was later determined that the limit was actually $10,000.

2. Standard Mutual took the position that Edith had caused the accident by negligently crossing the street.

3. The arbitration provision in the uninsured motorist portion of Pleasants's policy provides:

   If any person making a claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle ... because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then the matter or matters upon which such person and the Company do not agree shall be settled in accordance with the rules of the American Arbitration Association.

   Record at 43. Standard Mutual took the position that Pleasants was not legally entitled to recover any damages from Radford, the uninsured motorist who hit her, because she was more than 50% at fault for the accident. Therefore, the insurance contract required arbitration to determine whether Pleasants was legally entitled to recover from Radford and, if so, the amount of that recovery. Arbitration determined that the Pleasants's total damage was $100,000 but that "Edith Pleasants and Michael M. Pleasants are legally entitled to recover from John Radford the sum of $50,000." *Id.* at 22.

Pleasants filed a complaint to confirm the arbitration award and to obtain an order that Standard Mutual pay her $50,000 under the uninsured motorist coverage and the full $10,000 limit under the medical payments coverage. Standard Mutual and Pleasants both filed for summary judgment; the trial court granted judgment for Pleasants in the amount of $60,000.

Standard Mutual appeals.

## DISCUSSION

Standard Mutual argues it has paid Pleasants the full amount to which she is entitled. We agree.

■ Summary judgment is properly granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 54; *Babcock v. Lafayette Home Hosp.* (1992), Ind.App., 587 N.E.2d 1320, 1323. On appeal from an order granting summary judgment, we apply the same standard as the trial court. *Babcock,* 587 N.E.2d at 1323.

■ This case hinges on the language of Pleasants's insurance policy. The interpretation of an insurance contract is primarily a question of law for the court. *Tate v. Secura Ins.* (1992), Ind., 587 N.E.2d 665, 668. "In construing a written insurance contract, we may not extend insurance coverage beyond that provided in the contract, nor may we rewrite the clear and unambiguous language of an insurance contract." *American States Ins. v. Adair Indus.* (1991), Ind.App., 576 N.E.2d 1272, 1273 (citation omitted). "If insurance policy language is clear and unambiguous, it should be given its plain and ordinary meaning." *Tate,* 587 N.E.2d at 668 (citation omitted). The fact that the parties disagree as to the interpretation of the contract does not establish an ambiguity; the contract is ambiguous only if it is susceptible to more than one interpretation and reasonable persons would honestly differ as to its

meaning. *American States Ins.,* 576 N.E.2d at 1274.

■ The set-off provision in the uninsured motorist portion of Pleasants's insurance contract reads:

"The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II [the medical payments portion of the contract]."

Record at 60.

There is no ambiguity in this provision. The language is explicit and succinct; it prohibits double recovery. That part of the amount of damages which the insured is entitled to recover from the uninsured motorist (as distinguished from the total damages incurred by the insured, whether or not they can be recovered from the uninsured motorist because of comparative fault) which the insured has recovered from its insurer shall not also be paid by the insurer under uninsured motorist coverage. The provision is written in the future tense because it refers to claims that necessarily are to be made in the future, if at all. However, a claim now has been made; therefore, it is appropriate to read the provision in the present tense: The company is not obligated to pay under this Coverage that part of the damages which the insured is entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid under Part II. Plainly, an insured may not recover the same damages under both the uninsured motorist coverage of the policy and the medical payments coverage. *See Wittig v. United Servs. Auto. Assoc.* (1969), N.D.Ind., 300 F.Supp. 679 (reading an identical insurance provision as prohibiting double recovery).[4] In order to implement this prohibition, once the amount the insured is entitled to recover from an uninsured motorist is determined, by agreement or, as in this case, through arbitration,

---

4. Pleasants cites *Wittig* in an attempt to show that the set-off provision is ambiguous. While the court in *Wittig* notes "the long-standing principle that ambiguous language in insurance poli-

cies drafted by the insurer is interpreted in favor of the insured," 300 F.Supp. at 680–81, it interprets and applies the provision as its unambiguous language requires.

that amount must be reduced by any monies which the insurer already has paid the insured under other coverage.

Standard Mutual applied this set-off provision to the arbitrators' award and subtracted from the $50,000 award the $5,000 which was "that part of the damages which the insured [was] entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid ... under Part II." Pleasants therefore received the $50,000 to which the arbitrators found she was entitled; had Standard Mutual paid her an additional $5,000 she would have received double recovery to the extent of $5,000.[5]

In addition to Pleasants's arguments that are based upon her claim, which we reject, that the set-off provision is ambiguous, she argues that "[t]o interpret the policy provision as requested by [Standard Mutual] would create totally illusory insurance coverage" because "[u]nder the interpretation of [Standard Mutual], [Pleasants] would *never* recover the full limits of *both* her [uninsured motorist] coverage *and* her Medical Payments coverage." Appellee's Brief at 27 (emphasis in original). This argument is without merit. As recognized by the court in *Wittig*, 300 F.Supp. at 681, the set-off provision does not prohibit an insured from recovering the limits of both her uninsured motorist coverage and her medical payments coverage, when the amount of damages the insured is entitled to recover equals or exceeds the combined limits of the medical payments and uninsured motorists coverages.

The amount paid under the medical payments coverage of the policy reduces the amount of damages to which the insured is entitled without regard to the limit of the uninsured motorist coverage. For example, the limit on Pleasants's uninsured motorist coverage is $100,000, while the limit on her

medical payments coverage is $10,000. If Pleasants had suffered $400,000 in damages, including at least $10,000 in medical costs, and was 50% at fault, she would have recovered $110,000. The $10,000 she would have received under the medical payments coverage of her policy would have reduced her recoverable damages to $190,000, $100,000 of which would have been covered by her uninsured motorist coverage. Alternatively, if Pleasants's damages had been $110,000, including $10,000 in medical expenses, and Edith had been without fault, she would have recovered a total of $110,000; the $10,000 payment under the medical payments coverage and $100,000 under the uninsured motorist coverage. Here, Pleasants was entitled to recover a total of $50,000 from Radford and, under the terms of the contract, Standard Mutual was not required to pay again that portion of that $50,000 that it had already paid under the medical payments coverage.

■ Pleasants also makes an argument based on IC 34-4-33-12 (1992 Supp.), a provision in the Comparative Fault Act, which provides:

> If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished ... by comparative fault ... the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

This provision is inapplicable in this case. It applies to claims by the insurer against some other party. Clearly, the claim in question is the claim by Pleasants against the insurer, not a claim by the insurer against Pleasants. Standard Mutual makes no claim to recover

---

5. In light of this finding, it is obvious that the trial court's order requiring Standard Mutual to pay an additional $10,000 under Pleasants's medical payments coverage must be reversed for two reasons. First, all parties agree that the limit of this coverage is $10,000, and that Standard Mutual had already paid Pleasants $5,000 of this; thus, the court's order of $10,000 has no factual basis. Second, if Standard Mutual paid Pleasants an additional $5,000 under the medical payments provision, it would be entitled to a set-off in that amount under the uninsured motorist provision, so that it would still not owe Pleasants anything. In other words, Pleasants was entitled to receive a total of $50,000 from Standard Mutual; it makes no practical difference how much of that was paid out under the medical payments portion of her policy.

amounts paid to Pleasants under the medical payments coverage. It asserts only its contractual entitlement to offset those payments against the uninsured liability.[6] The fact that the arbitrators had to attribute fault between Pleasants and Radford was dictated by the insurance contract[7] and does not bring the arbitration under the purview of the Comparative Fault Act.

Finally, Pleasants argues that Standard Mutual has "waived its right to challenge the arbitration award and raise new issues not submitted in arbitration." Record at 14. This argument is to no avail, as Standard Mutual is not challenging the arbitrators' award. Instead, Standard Mutual has accepted the determination that Pleasants is entitled to recover $50,000 as a result of her injuries and questions only whether it has already paid her some portion of that amount.

Pleasants's request for damages pursuant to Ind. Appellate Rule 15(G) is obviously without merit, as Standard Mutual has prevailed in its appeal.

Judgment is reversed, and the trial court is ordered to enter judgment in that Pleasants shall recover the total sum of $50,000 from Standard Mutual under the medical payments and uninsured motorist coverage of the subject policy.

BAKER and SULLIVAN, JJ., concur.

---

**6.** We note, however, that IC 34–4–33–1 would have applied if Pleasants had been struck by an insured motorist. In that case, Standard Mutual would have paid Pleasant $10,000 under her medical payments coverage and would have had a $10,000 lien on her recovery from the other driver. Because Pleasants was 50% at fault, she would have recovered one-half of her total damages, or $50,000, from the other driver, and, pursuant to IC 34–4–33–1, Standard Mutual's lien would have been decreased by 50% to $5,000. Therefore, if Pleasants had been hit by an insured driver, she would have received a total of $45,000, $5,000 less than what she is receiving from Standard Mutual under our holding in this case.

**7.** The uninsured motorist portion of Pleasants's policy provides that Standard Mutual will pay "all sums which [Pleasants] shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile." Record at 60. In order to determine how much Pleasants was legally entitled to recover from Radford, the arbitrators had to determine the percentage of fault attributable to Pleasants.