Tamatha M. NEALY, Individually, Hannah Nealy, A Minor by Her Next Friends and Natural parents, John J. Nealy, Father, and Tamatha M. Nealy, Mother, Appellants–Plaintiffs,

John J. Nealy, Individually, Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellees–Intervening Defendants

and

Shad Awn Quinn and Courtney Hammonds, Defendants.

No. 49A02–0812–CV–1096.

Court of Appeals of Indiana.

Aug. 10, 2009.

Michael E. Simmons, Hume Smith Geddes Green & Simmons, LLP, Joseph A. Thomas, Thomas, Szostak, Thomas & Nugent, Indianapolis, IN, Attorneys for Appellants.

W. Brent Threlkeld, Benjamin G. Stevenson, Threlkeld Reynolds, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Tamatha and Hannah Nealy (collectively, "The Nealys") appeal the grant of American Family Insurance's motion for setoff and the denial of their motion to correct error and for *additur*. We reverse and remand for entry of judgment in the amount of the verdicts the jury originally returned.[1]

---

1. We held oral argument in Indianapolis on July 8, 2009.

The trial court entered judgment against Shadawn Quinn, the driver of the car that hit the Nealys, and Courtney Hammonds, the owner of the car, in an amount that reflected the setoffs awarded to American Family. That judgment should also be corrected to the amount of the jury verdicts. As we direct the trial court to enter judgment in the amount of the jury verdicts, we need not address the Nealys' argument the verdicts against Quinn and Hammonds should not have been so reduced. Because the motion for setoff should not have been granted, we need not address the Nealys' argument American Family is not entitled to a reduction in the judgment that exceeds what it actually paid in medical expense benefits.

## FACTS AND PROCEDURAL HISTORY[2]

█ The Nealys were involved in a collision with a car Shadawn Quinn was driving and Courtney Hammonds owned. Neither Quinn nor Hammonds were insured. The Nealys sued Quinn and Hammonds and won a default judgment as to liability. American Family intervened as provider of the Nealys' uninsured motorist and medical expense coverage. The Nealys then brought a complaint against American Family for the uninsured motorist coverage. Before trial, the Nealys tendered to American Family medical expenses of $10,829.00 for Tamatha's medical expenses. After negotiations with the treatment providers American Family paid $9,749.00. The Nealys tendered medical expenses of $5,695.00 for Hannah, and after negotiations with treatment providers American Family paid $4,747.00. After a trial on damages, the jury returned a verdict of $81,415.95 for Tamatha and $18,584.05 for Hannah.

American Family tendered $74,749.28 in payment of Tamatha's judgment and $15,071.94 for Hannah's. It then moved for setoff to reduce the jury verdicts by the amounts it had previously paid as medical expense coverage. The Nealys moved to deny the setoffs, amend the judgments to the amount of the jury verdicts, and increase the uninsured motorist coverage judgments against American Family. The trial court granted American Family's motion for setoff and entered judgment for Tamatha in the amount of $70,586.95 and for Hannah in the amount of $12,889.05.

## DISCUSSION

### 1. *Advance Payment Statute*

█ The trial court erred to the extent its grant of American Family's motion for setoff was premised on the advance payment statute, Ind.Code § 34–44–2–3. In its motion, American Family explicitly asserted it was bringing the motion pursuant to the advance payment statute, and it characterized the amounts it wanted to set off as "advance payment" of medical expenses. (App. at 87.) That was the only basis American Family asserted in its motion. In its order, the trial court did not explain its basis for granting the setoffs, but it granted the setoffs in exactly the same amounts American Family asserted were "advance payments."

Ind.Code § 34–44–2–3 provides:

If it is determined that the plaintiff is entitled to recover in an action [for personal injury, wrongful death, or property damage]:

(1) the defendant may introduce evidence of any advance payment made; and

(2) the court shall reduce the award to the plaintiff to the extent that the award includes an amount paid by the advance payment.

█ "Advance payments" include payments made to the plaintiff by the defendant or the defendant's insurance company. Ind.Code § 34–6–2–3. In the typical case the injured plaintiff is in one vehicle and the tortfeasor is in another. The medical payments coverage is supplied by the insurer of the plaintiff's car and the relevant liability coverage is insured by the tortfeasor's insurer. In this situation, an

---

**2.** The Statement of the Case and Statement of Facts in American Family's brief is nearly devoid of references to the record required by Ind. Appellate Rules 22(C), 46(A)(5) and (6), and 46(B). Accordingly, we have relied on the Nealys' brief for that information. We remind American Family's counsel that on review, we will not search the record to find a basis for a party's argument. *Young v. Butts,* 685 N.E.2d 147, 151 (Ind.Ct.App.1997).

"advance payment" is one advanced by the tortfeasor's insurer as, in effect, an interim payment or down payment of potential damages for which the tortfeasor may be liable. *Crabtree ex rel. Kemp v. Estate of Crabtree*, 837 N.E.2d 135, 140 (Ind.2005).

■■■ The purpose of the advance payment statute is to prevent double recovery if an advance payment has been made. *Id.* The statute also has the effect of reducing the judgment against the defendant by the amount of the advance payment. *Id.* This eliminates exposure of the defendant against whom the judgment is entered (as opposed to his insurer) to the amount already paid by the insurer. *Id.*

The payments American Family made cannot be characterized as "advance payments." An "advance payment," for purposes of Ind.Code Chapter 34–44–2, means "a payment made: (1) by: (A) the defendant in an action to recover damages for personal injuries, wrongful death, or property damage; or (B) the defendant's insurance company; and (2) to or for the plaintiff or any other person." Ind.Code § 34–6–2–3. The payments at issue here are not within the statutory definition of "advance payment," as American Family is not "the defendant's insurance company." It is the Nealys'. Nor can American Family be characterized as a defendant "in an action to recover damages." As indicated below, American Family asserts the action against it is contractual.[3] We must therefore decline to find American Family made "advance payments" as defined in the statute on which it relied as the only basis for its motion for setoff.

Nor does the advance payment statute apply where there is more than one defen-

dant, Ind.Code § 34–44–2–1(b), and in this action, there are three. The original defendants are Quinn and Hammonds, and American Family is the intervening defendant. In *Wineinger v. Ellis*, 855 N.E.2d 614, 622 (Ind.Ct.App.2006), *trans. denied* 869 N.E.2d 448 (Ind.2007), Wineinger appealed a post-judgment setoff to Shelter Insurance based on the amount it had paid for Wineinger's medical expenses. Wineinger was riding in a car that was hit by a vehicle Ellis was driving. Ellis was uninsured. The driver of the vehicle in which Wineinger was traveling was insured by Shelter, and pursuant to that policy Wineinger was insured by Shelter at the time of the collision.

Wineinger sued Ellis and Shelter, alleging she was injured by Ellis's negligence and was covered under the Shelter insurance policy. Shelter filed a motion to substitute Ellis, in name only, as the proper party defendant, essentially requesting that no references to Shelter or insurance be made at trial and that Shelter be permitted to proceed at trial in Ellis's name only. Shelter admitted liability and represented that it would pay any judgment rendered against Ellis.

We found a setoff was proper because the Shelter policy, unlike the policy before us here, explicitly provided any payment of uninsured motorist coverage "will be reduced by any amount paid or payable for the same damages to or for the insured ... under Medical Payments Coverage." *Id.* at 623. But we noted "Wineinger is correct to argue that the advance payment statute, Ind.Code § 34–44–2–3, does not apply herein because there is more than one defendant."[4] *Id.*

---

3. Neither party addresses this definitional requirement in its "advance payments" argument.

4. American Family relies heavily on the *Wineinger* decision in its argument a setoff was proper, but it does not address or mention the *Wineinger* statement about the inapplicability of the advance payment statute in a case

847

American Family asserts, without explanation or citation to authority,[5] the statute applies for two reasons even though there are multiple defendants. First, it asserts the jury trial in this action was against American Family only, and only American Family "was available for any recovery." (Appellee's Br. at 10.) It asserts, again without citation to authority, that the reason the statute does not apply to cases with multiple defendants is "to prevent a defendant from benefitting from payments made by other defendants." (*Id.*) As there is no risk of such a result in this case,[6] American Family urges, "there is only one defendant" in this action. (*Id.*) American Family also notes the action against it is separate and distinct from the action against Quinn and Hammonds, as it is contractual and the action against Quinn and Hammonds is for negligence.

It is well settled that "[n]othing may be read into [a] statute which is not within the manifest intent of the legislature as gathered from the statute itself. An unambiguous statute must be held to mean what it plainly expresses, and its plain and obvious meaning may not be expanded or restricted." *George P. Todd Funeral Home, Inc. v. Estate of Beckner*, 663 N.E.2d 786, 787 (Ind.Ct.App.1996). A holding that three

defendants are not "more than one (1) defendant" would amount to such an improper expansion of the statutory language, and we must accordingly decline American Family's invitation to interpret the statute's explicit limitation to one defendant to include cases where there are more, even if only one defendant is available for recovery.

### 2. The Policy Language [7]

█ The Nealys' policy includes some explicit setoff provisions, but none that provide for the setoffs the trial court granted—amounts paid under medical expense coverage to reduce the amount paid under the uninsured motorist coverage.

Under the medical expense coverage of the policy, American Family agrees to "pay **reasonable medical expenses** ... because of an accident related to **bodily injury** to an **insured person.**" (App. at 238) (emphasis in original). Under the uninsured motorist coverage, American Family agrees to pay "compensatory damages for **bodily injury**" the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle. (*Id.* at 239) (emphasis in original). The limits of liability for the uninsured motorist coverage will be reduced by a "payment

where there are two defendants—the tortfeasor and the uninsured motorist carrier. No Indiana decisions were found where the advance payment statute was applied in an action involving more than one defendant.

5. American Family does offer a citation to "*Monroe v. Strecker,* 355 N.E.2d 418, 171 (Ind.Ct.App.1976)" in support of its assertion the purpose of the statute is to "prevent an injured party from being reimbursed twice for the same item of damage." (Appellee's Br. at 10.) There is, of course, no page 171 in the *Monroe* decision, which starts on page 418. Nor is there a page 171 in the official report, which is found at 171 Ind.App. 100, 355 N.E.2d 418.

6. The Nealys assert in their reply brief "that is *exactly* what occurred when the trial court ... entered Judgments against Quinn and Hammonds in sums which [sic] apparently reflected reductions for some medical expense payments claimed by American Family." (Appellants' Reply Br. at 6) (emphasis in original).

7. As explained above, American Family offered only the advance payment statute as the basis for its motion for setoff. However, it is apparent from the record that both parties addressed below whether certain policy provisions might or might not permit the setoffs. We will accordingly address the policy-based arguments both parties raise on appeal.

under the Liability or Car Damage coverages of this policy," (*id.*), but the policy has no provision for such a reduction for payments under the medical expense coverage.

American Family does not argue its policy includes an explicit provision for a setoff of medical expense payments. It does point to policy language providing that any amount paid for medical expenses under the uninsured motorist coverage must be deducted from the limits of liability under the medical expense coverage. It relies on the latter provision to assert, without explanation, that the amounts it tendered to the court reduced the $10,000 limits of liability for medical expense coverage to zero.

That policy language does not permit the setoffs the trial court granted. The policy provides amounts paid for medical expenses *under the uninsured motorist coverage* must be deducted from the limits of liability under the medical expense coverage: "Any amount paid or payable for medical expenses under the Liability, Uninsured Motorist or Underinsured Motorists coverage of this policy shall be deducted from the limits of liability under this [medical expense coverage] part." (App. at 261.) But the prior payments American Family made were not under the uninsured motorist coverage; they were apparently[8] made under the medical expense provisions. Accordingly, we can find no basis in the policy language for the setoffs the trial court granted.

■ American Family asserts the Nealys would have obtained a "double recov-

ery" had the setoffs not been granted, (Appellees' Br. at 123), but we cannot find on the record before us that the original jury verdicts would necessarily give the Nealys a "double recovery." American Family directs us to our decisions holding an injured party may not retain a double recovery by recovering "the same damages under both the uninsured motorist coverage of the policy and the medical payments coverage." (Appellees' Br. at 12) (quoting *Standard Mut. Ins. Co. v. Pleasants,* 627 N.E.2d 1327, 1329 (Ind.Ct.App.1994), *trans. denied* ). American Family correctly notes we also so held in *Wineinger,* 855 N.E.2d at 622.

Those decisions are distinguishable because in both, the policies explicitly provided for the setoffs that were granted. The Nealys' policy does not. In *Pleasants* and *Wineinger,* the policy language provided that payments made under medical expense coverage would be set off against payments made under uninsured motorist coverage. Both decisions were premised on that policy language. As explained above, there is no such explicit setoff language in the American Family policy.

The setoff provision in the uninsured motorist portion of Pleasants' insurance contract read:

> The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under [the medical payments portion of the contract].

---

**8.** In support, the Nealys direct us to verified statements of medical expenses of Hannah and Tamatha that were submitted by the American Family representative who handled the claims. Those statements indicate the payments were "for medical expenses incurred" by the Nealys, (App. at 89–95, 133–

37), but they do not explicitly say whether the *source* of the payments was the uninsured motorist coverage or the medical expense coverage. American Family offers nothing in the record to indicate the source of the prior payments.

627 N.E.2d at 1329. The Wineinger policy provided that any payment of uninsured motorist coverage "will be reduced by any amount paid or payable for the same damages to or for the insured ... under Medical Payments Coverage." 855 N.E.2d at 622.

The Nealys purchased medical expense coverage and uninsured motorist coverage and paid separate premiums for each coverage. No policy language permits American Family to reduce its uninsured motorist coverage responsibility by amounts paid under the medical expense coverage. American Family tendered the payments at issue pursuant to the medical expense coverage, which is separate from the uninsured motorist coverage. American Family's liability in this litigation arose out of the uninsured motorist coverage, and American Family made no prior payments under that coverage. On this record and with this policy language, we cannot say the jury verdicts gave the Nealys a double recovery.

### 3. *Additur*

The Nealys argue the trial court abused its discretion by denying the motion for *additur*. Ind. Trial Rule 59(J)(5) provides the trial court must, "[i]n the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur."

■ When reviewing a claim that an award of damages is inadequate, we do not reweigh evidence or judge witness credibility. *Palmer v. Comprehensive Neurologic Services, P.C.*, 864 N.E.2d 1093, 1103 (Ind. Ct.App.2007), *trans. denied* 878 N.E.2d 212 (Ind.2007). We consider only the evidence favorable to the award, and we will not reverse a damage award if the damages fall within the scope of the evidence.

*Id.* A verdict will be reversed only on a finding that, based on the evidence, the amount of damages awarded indicates the jury was motivated by prejudice, passion, partiality, corruption, or consideration of some improper element. *Id.* Where the evidence presented is conflicting as to the nature, extent, and source of the injury, the jury is in the best position to assess damages, and we will not disturb the award. *Id.*

We are unable to address this allegation of error. The Nealys offer no legal authority in support of their argument they are entitled to *additur* except for a citation to Ind. Trial Rule 59, which permits *additur*. The Nealys' argument in their reply brief is also devoid of any legal authority. For its part, American Family asserts, also without any citation to authority, that the policy limits were met and no *additur* is available. It relies on its policy provision that "[a]ny amount paid or payable for medical expenses under the ... Uninsured Motorist ... coverage of this policy shall be deducted from the limits of liability under this [medical expense] part." (App. at 261.) But as explained above, its prior payments were not made under the uninsured motorist coverage but instead were made under the medical expense provisions.

■ Ind. Appellate Rule 46(A)(8)(a) requires an argument "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on...." Non-compliance with that rule results in waiver of the argument on appeal. *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind.Ct. App.2002), *reh'g denied, trans. denied* 783 N.E.2d 695 (Ind.2002). We cannot find

error in the denial of the Nealys' motion for *additur*.

## CONCLUSION

The trial court erred to the extent its grant of American Family's motion for set-offs was premised on the advance payment statute, and the language of the Nealys' policy did not permit the setoffs. We therefore reverse and remand for entry of judgment in the amount of the jury verdicts.

Reversed and remanded.

BARNES, J., concurs.

BAKER, C.J., concurs in part and dissents in part.

BAKER, Chief Judge, concurring in part and dissenting in part.

I respectfully dissent from the majority's conclusions regarding the payments made by American Family to cover the Nealys' medical expenses. I believe that the advance payment statute applies to these facts. The majority emphasizes that there were multiple defendants and observes that American Family was the plaintiffs', rather than the defendants', insurer. While strictly true, I believe that relying on these facts elevates form over substance to a degree that leads to an inequitable result. Nominally, yes, there were multiple defendants. But only one—American Family—played any role in the litigation whatsoever. Nominally, yes, American Family was the plaintiffs' insurer. But in litigation concerning uninsured motorist coverage, the plaintiffs' insurer steps into the shoes of the nonparticipating uninsured motorists. Thus, though American Family was the plaintiffs' insurer, it was litigating *against* them. I cannot believe that the legislature intended these facts to stand in the way of the application of the advance payment statute.

Furthermore, the majority's hypercritical footnote notwithstanding, op. at 847 n. 5, *Monroe v. Strecker* does, in fact, offer an explanation that makes complete sense: that the purpose of the advance payment statute is to "prevent[ ] the injured party from being reimbursed twice for the same item of damage." 171 Ind.App. 100, 103, 355 N.E.2d 418, 420 (Ind.Ct.App.1976). Here, American Family has already paid over $10,000 for the Nealys' medical expenses; it is inequitable and unjust—and antithetical to the purpose of the advance payment statute—to ask the insurer to pay that amount a second time.

The majority states that it cannot conclude for a certainty that American Family would, in fact, have to pay the same amount twice. Essentially, the majority faults American Family because the insurer did not say the magic word "uninsured motorist coverage" when it paid the Nealys' medical expenses. Had American Family explicitly stated that "the *source* of the payments was the uninsured motorist coverage," op. p. 848 n. 8 (emphasis in original), then, presumably, a different conclusion would be reached. Yet again, I believe that the majority is elevating form over substance. It is asking too much of an insurer to require it to use "magic words" to avoid having to pay the same expenses twice. The only reasonable conclusion to draw here is that American Family and the Nealys understood that the medical expenses were being paid from the uninsured motorist coverage—a logical inference to draw given that their accident was caused by an uninsured motorist. Therefore, I would affirm the trial court and dissent from the majority to the extent it reaches a different conclusion. I concur with the majority's resolution of the Nealys' additur argument.