Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 20 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**R.S.**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| R.S., | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | ) No. 93A02-1107-EX-656 |
| | ) |
| REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and M.B., | ) |
| | ) |
| | ) |
| | ) |
| Appellees-Respondents. | ) |

APPEAL FROM THE REVIEW BOARD
OF THE DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 11-R-2983

**March 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

R.S.[1] filed a claim with the Indiana Department of Workforce Development ("DWD")

for unemployment compensation after she was fired from her job at M.B. Her claim was

denied, and an administrative law judge ("ALJ") affirmed the denial. She attempted to file

an appeal with the DWD Review Board ("Review Board"), but she missed the filing

deadline. She sought and received one extension of time and later requested a second

extension, which the Review Board denied. The Review Board subsequently dismissed her

appeal as untimely, and she now files this pro se appeal, asserting that her counsel was

negligent in failing to meet the statutory filing deadline. Finding waiver, we affirm.

---

[1] The Review Board cites *Recker v. Review Board of Indiana Department of Workforce Development*, 958 N.E.2d 1136, 1138 n.4 (Ind. 2011), as authority for using the full names of the parties in this appeal. Appellee's Br. at 2 n.1. In *Recker*, Justice Dickson, writing for the court, read Indiana Code Section 22-4-19-6(b) and Indiana Administrative Rule 9(G) to require the use of initials to retain the confidentiality of the parties in court proceedings open to the public involving DWD records only when one of the parties has made an affirmative request for such confidentiality. However, we note that Administrative Rule 9(G)(1.2) reads in its entirety,

> During court proceedings that are open to the public, when information in case records that is excluded from public access pursuant to this rule *is admitted into evidence*, the information shall remain excluded from public access only if a party or a person affected by the release of the information, prior to or contemporaneously with its introduction into evidence, affirmatively requests that the information remain excluded from public access.

(Emphasis added.) Because appellate courts do not conduct trials or evidentiary hearings and thus do not admit information in case records "into evidence," we do not see how Administrative Rule 9(G)(1.2) can be used to justify the disclosure of the parties' identities in unemployment cases on appeal. We also note that in the more recent case of *Chrysler Group, LLC v. Review Board of Indiana Department of Workforce Development*, 960 N.E.2d 118, 121 n.1 (Ind. 2012), our supreme court elected to continue to identify the individual claimants by their initials, notwithstanding its decision to identify the employer by name. Until the relevant provisions of Administrative Rule 9(G) are amended by our supreme court, we will read the entire rule and continue to use initials in unemployment cases.

**Facts and Procedural History**

On March 25, 2011, R.S. was discharged from her employment at M.B. She subsequently obtained counsel and filed a claim for unemployment benefits. On April 13, 2011, a DWD claims deputy denied her claim, finding that she was discharged for just cause. She appealed her claim to an ALJ, who affirmed the denial, specifically finding that she had knowingly violated a reasonable and uniformly enforced rule when she failed to complete a required metal detector check and then made a false entry indicating that she has completed the required check. Tr. at 2. On May 18, 2011, the ALJ mailed R.S. the decision, which stated in part, "This decision will become final unless the party receiving the adverse Decision appeals to the Review Board within eighteen (18) calendar days after the mailing date of this decision." *Id*. at 1.

In an envelope postmarked June 11, 2011, R.S., acting via counsel, filed her appeal with the Review Board. In her notice of appeal, she requested an extension of time to submit additional evidence but did not specify the nature of the additional evidence. The Review Board granted her request for extension, giving her until June 22, 2011, to submit the additional evidence. On that date, R.S., by counsel, requested another extension of time to submit additional evidence. This time, she indicated that the additional evidence that she hoped to obtain pertained to whether M.B. had just cause for discharging her. The Review Board denied her second request for extension of time because the additional evidence would bear no relevance to the timeliness of her appeal and dismissed her appeal. This pro se appeal ensued. Additional facts will be provided as necessary.

**Discussion and Decision**

In her appellant's brief, R.S. asserts that the Review Board erred in dismissing her appeal as untimely. It is well settled that pro se litigants are held to the same standard as are licensed attorneys. *Goossens v. Goossens*, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005). Thus, a litigant who chooses to proceed pro se must, like trained legal counsel, be prepared to accept the consequences of her action if she fails to adhere to procedural rules. *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). One such rule, Indiana Appellate Rule 46(A)(8), provides in part that the argument section of the appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning," along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review. *In re Paternity of M.G.S.*, 756 N.E.2d 990, 1004 (Ind. Ct. App. 2001), *trans. denied* (2002). Noncompliance with this rule results in waiver of the argument on appeal. *Nealy v. Am. Family Mut. Ins. Co.*, 910 N.E.2d 842, 849 (Ind. Ct. App. 2009), *trans. denied*.

Here, the argument section of R.S.'s pro se brief consists of only two sentences. In the first, she asserts that her counsel was negligent, and in the second, she asserts that her counsel knowingly and falsely informed her that he had filed the necessary paperwork for an appeal to the Review Board. Not only does she fail to point to any evidence to substantiate her allegations, but she also fails to cite a single case or statutory authority. Thus, she has failed to develop a cogent argument with citations to proper authority as required by Indiana

4

Appellate Rule 46(A)(8). Based on the foregoing, we conclude that she has waived her argument and affirm the Review Board's decision to dismiss her appeal.

Affirmed.

MAY, J., concurs.

BROWN, J., concurs with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

R.S.,                                          )
                                               )
    Appellant-Petitioner,          )
                                               )
        vs.                    )    No. 93A02-1107-EX-656
                                               )
REVIEW BOARD OF THE INDIANA                    )
DEPARTMENT OF WORKFORCE                        )
DEVELOPMENT and M.B.,                          )
                                               )
    Appellees-Respondents.         )

**BROWN, Judge, concurring.**

I fully concur in the majority's reasoning and result, but I write separately to express my disagreement with the panel's use of initials to identify the Appellant-Claimant and employer. The Indiana Supreme Court recently examined the applicability of the confidentiality requirements prescribed in Ind. Code § 22-4-19-6(b) to judicial proceedings in Recker v. Review Bd. of Ind. Dep't of Workforce Dev., 958 N.E.2d 1136, 1139 n.4 (Ind. 2011). In Recker, the Court noted that, although the decisions of the ALJ and the Review Board "were each expressly labeled as a 'Confidential Record' pursuant to Indiana Code

6

Section 22-4-19-6," the "Appellant's Appendix filed by the employee was not so labeled, and it disclosed her full name." 958 N.E.2d at 1139 n.4. Although the claimant was identified only by her initials in the briefs, the briefs revealed the identity of Recker's employer. Id. After reciting these facts, the Court stated:

> Neither the claimant, the employer, nor the Review Board, made any affirmative request pursuant to Administrative Rule 9(G)(1.2)[2] to continue the exclusion from public access the identities and information confidential under the statute and rule. Pursuant to Administrative Rule 9(G)(1.2), in light of the absence of an affirmative request for continued confidentiality of the identities of the employee and the employing entity, we fully identify the parties.

Id.

Here, similar to Recker, although the decisions of the ALJ and the Review Board were identified as a Confidential Record pursuant to Indiana Code Section 22-4-19-6, the Appellant-Claimant used her full name both on the cover page and throughout the body of her appellant's brief, as well as on the cover of her appellant's appendix. Her brief also fully identified the employer in the matter. The Board's brief, relying on Recker, also fully identifies the Appellant-Claimant and employer, noting that "[n]either [R.S.], nor the Review Board or [M.B.], has made a request to retain the confidentiality of the parties," and it

---

[2] The Court in Recker noted that Ind. Code § 22-4-19-6(b)'s confidentiality requirement "is expressly implemented as to judicial proceedings by Indiana Administrative Rule 9(G)(1)(b)(xviii)." 958 N.E.2d at 1139 n.4. The Court also stated:

> The rule further provides, however, that when information excluded from public access is presented in court proceedings open to the public, "the information shall remain excluded from public access *only* if a party or a person affected by the release of the information, prior to or contemporaneously with its introduction into evidence, affirmatively requests that the information remain excluded from public access." Adm. R. 9(G)(1.2) (emphasis added).

Id.

similarly highlights the fact that R.S. used full names to identify the parties in her brief. Appellee's Brief at 2 n.1. Accordingly, pursuant to the Indiana Supreme Court's dictates in Recker and in light of the absence of an affirmative request for continued confidentiality of the identities of the employee and employing entity, I would fully identify the parties.

Moreover, I do not read note 1 in Chrysler Grp., LLC v. Review Bd. of Ind. Dep't of Workforce Dev., 960 N.E.2d 118 (Ind. 2012), as lessening the import of the Court's statements in Recker.[3] The Court in Chrysler merely highlighted that, although Ind. Code § 22-4-19-6 was applicable to the claimants including Chrysler, the briefs and counsel at oral argument identified Chrysler by its full name, and it noted that although there was "little merit" in concealing Chrysler's identity, it would "continue to identify the individual claimants–if necessary to name them–by their initials." Chrysler, 960 N.E.2d at 121 n.1. Also, the Court in Chrysler did not note whether a request was made for continued confidentiality of the identities of the parties.

For these reasons I would indentify by full names the Appellant-Claimant and the employer herein.

---

[3] I note that the Recker decision was issued only three weeks prior to the Court's decision in Chrysler.