## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 28 2018, 8:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEYS FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Robert Oakley | Clinton E. Blanck |
| Daniel K. Dilley | Rifkin, Blanck & Rubenstein, P.C. |
| Dilley & Oakley P.C. | Carmel, Indiana |
| Carmel, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

V.P. Construction Co., Inc., Steven Rilenge, and Julie Rilenge,

*Appellants,*

*(Defendants/Counterclaim-Plaintiffs*

*and Third-Party Plaintiff below),*

v.

Interior Renovation & Design, Inc., and Patricia A. Geisler,

*Appellees,*

*(Plaintiffs/Counterclaim-Defendants*

*and Third-Party Defendant below)*

September 28, 2018

Court of Appeals Case No. 49A02-1712-CC-2851

Appeal from the Marion Superior Court

The Honorable Thomas J. Carroll, Judge

Trial Court Cause No. 49D06-1212-CC-48269

**May, Judge.**

Appellants-Defendants, V.P. Construction Co., Inc. ("V.P."), and Steven Rilenge ("Steven"); and Appellant-Third-Party Plaintiff, Julie Rilenge ("Julie") (collectively, "Appellants") appeal the trial court's order granting damages in favor of Interior Renovation & Design, Inc., ("Interior") and Third Party-Defendant, Patricia Geisler ("Geisler") (collectively, "Appellees"). Appellants present multiple issues for our consideration, which we consolidate and restate as:

> 1. Whether the trial court erred in its findings regarding the amounts of the mechanic's liens;
>
> 2. Whether the trial court erred in its findings regarding the breach of contract claims;
>
> 3. Whether the trial court erred in its findings regarding Interior's alleged tax liability; and
>
> 4. Whether the trial court erred in the amount of damages awarded to Appellees.

We affirm.

# Facts and Procedural History

In 1983, Steven formed V.P., a corporation which performs general contracting services. Steven is the chief operating officer and sole shareholder of V.P. In

1986, V.P. hired Geisler as an office administrator to manage all V.P.'s day-to-day operations.

[3] In 1989, when V.P. entered a contract that required unionized workers, Steven arranged for Geisler and Julie, Steven's wife, to form Interior. Geisler held sixty percent, while Julie held forty percent of Interior shares and acted as secretary. Following Interior's incorporation, V.P. orally agreed that it would exclusively subcontract Interior for its commercial and residential construction projects. Geisler managed all of Interior's operations, and Interior's primary employee was Geisler's husband, a union carpenter. Geisler performed her duties for V.P. and for Interior out of V.P.'s corporate office.

[4] V.P. and Interior did business together without issue until 2009. Between 2009 and 2011, Interior alleged, V.P. underpaid or failed to pay Interior for the services Interior rendered on several projects and as a result of the underpayment and non-payment, Interior accrued $96,179.53 debt to the Internal Revenue Service ("IRS"); $5,984.78 in debt to the Indiana Department of Revenue ("IDR"); and $64,284.20 in debt for union dues. Sometime in 2012, the IRS and the IDR sought to recover the back taxes from Interior's majority shareholder, Geisler. Geisler subsequently entered into a payment plan, whereby she agreed to personally pay the federal and state taxes owed. Geisler later sought Julie's 40% contribution on the back taxes, but Julie refused to pay.

[5] Sometime in April 2012, Steven took over the financial management of V.P. In May 2012, V.P. subcontracted Interior to remodel the lobby area for a Key Bank. Geisler was aware that Key Bank paid V.P. for the work, but V.P. did not pay Interior for the remodeling. Again, in May 2012, V.P. subcontracted Interior to conduct remodeling for a Fifth Third Bank. Geisler was aware that Fifth Third Bank paid V.P. for the remodeling, but Interior did not get paid for its labor. In June 2012, on behalf of V.P., Interior remodeled Gallahue Hall at Butler University. In the same month, Interior remodeled portions of the Sigma Nu fraternity house at Butler University, and it installed an awning at the house occupied by the Butler University President. In July 2012, V.P. subcontracted Interior to conduct work at a private residence. In the same month, Interior remodeled parts of Jordan Hall at Butler University. The last project that Interior undertook for V.P. was in August 2012, when Interior installed an exhaust fan at a private residence.

[6] On August 31, 2012, Geisler resigned from V.P. By that time, V.P. had failed to pay Interior for at least eight projects. On October 25, 2012, Geisler, as president of Interior, filed several mechanic liens with the Marion County Recorder for unpaid services performed for V.P. For the Key Bank project, Interior claimed that it was owed $3,750.00. For the Fifth Third project, Geisler specified that the amount owed was $6,600.00. The outstanding amounts for the Butler University projects were $5,500.00 for Gallahue Hall; $3,500.00 for the Sigma Nu fraternity house; $4,400.00 for the President's

house; and $6,000.00 for Jordan Hall. Lastly, Geisler asserted Interior was owed $350.00 for work conducted at a private residence.

[7] On November 5, 2012, eleven days after Geisler filed the mechanic liens, Julie, without Geisler's authority, executed a "Final Waiver of Lien" for each of the mechanic's liens, indicating Interior waived all the liens Geisler had filed on October 25, 2012. Julie did not tender any funds to Interior or deposit funds into Interior's bank account, despite the fact she indicated Interior had received final payment for the projects listed on the mechanic's liens.

[8] On December 17, 2012, Interior filed a breach of contract action against V.P. and Steven, alleging failure of payment on eight construction projects in 2012. Interior also claimed that V.P. was the alter ego of Steven and piercing of the corporate veil of V.P. was appropriate in order to hold Steven personally liable for V.P.'s breach of contract.

[9] On January 17, 2014, Interior filed an Amended Complaint reasserting its claims against V.P. and Steven from its original Complaint. The Amended Complaint included a new breach of contract claim against V.P. and Steven, alleging that from "2009 to 2011" V.P. and Steven breached "the oral contract by failing and refusing to pay Interior, for each project on which Interior performed work, an amount sufficient to cover Interior's federal and state payroll taxes and union dues." (Appellants' App. Vol. II at 11.) Interior also added Julie as a defendant and alleged Julie had breached her fiduciary duty to Interior by executing waivers for several liens without authorization. Interior

alleged Julie committed fraud, conspiracy, and tortuiously interfered with Interior's business by falsely affirming to the Marion County Recorder that the mechanic liens had been satisfied by V.P. On April 24, 2014, V.P. filed its answer with respect to Interior's amended complaint. The record shows that on June 16, 2014, V.P. and Julie filed a counterclaim against Interior.[1]

[10] On October 24, 2017, Steven, Geisler, and Julie appeared for a bench trial, with Geisler and Steven testifying. On November 7, 2017, the trial court issued a judgment in favor of Interior. The order also denied all counterclaims by V.P. and Julie.[2]

# Discussion and Decision

### *Standard of Review*

[11] Where, as here, the trial court enters findings *sua sponte* after a bench trial, the findings control our review and judgment only as to those issues specifically referenced in the findings. *Samples v. Wilson*, 12 N.E.3d 946, 949-50 (Ind. Ct. App. 2014). When the trial court does not make specific findings on an issue,

---

[1] That counterclaim was not enclosed for our review. Additionally, we note Appellants have filed a copy of the "MyCase" summary, representing such as the Chronological Case Summary required as part of the Appendix, despite the fact the summary clearly states at the top of the page, "This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record." (Appellants' App. at 2.) While this is not a violation of the Indiana Rules of Appellate Procedure, we note the Chronological Case Summary is the official record of the court. *See Anderson v. Horizon Homes*, 644 N.E.2d 1281, 1287 (Ind. Ct. App. 1995) (Chronological Case Summary is official record of the court), *trans. denied*.

[2] On August 14, 2018, Appellants filed a Motion to Stay with this court. Our opinion makes the motion moot, and we have issued an order denying the motion contemporaneously with the opinion.

we apply a general judgment standard, and we may affirm on any legal theory supported by the evidence adduced at trial. *Id*. at 950.

> A two-tier standard of review is applied to the *sua sponte* findings and conclusions made: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. In conducting our review, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. We will neither reweigh the evidence nor assess witness credibility.

*Id*.

### Amount Awarded for Mechanic's Liens

[12] Regarding the payment of mechanic's liens filed by Interior, the trial court ordered, "Interior is awarded $40,062.54 in compensatory damages from [V.P.] for unpaid fees earned on eight construction projects in 2012, plus court costs and prejudgment interest at the rate of eight percent (8%) per annum from October 25, 2012." (Appellants' App. Vol. II at 25.) On appeal, Appellants argue the mechanic's liens were invalid "thereby rendering all claims against [Julie] premised thereon baseless." (Br. of Appellants at 19) (formatting omitted). Appellants also challenge the amounts awarded to Appellees as payment for the mechanic's liens.

[13] First, Appellants did not argue before the trial court that the mechanic's liens were invalid. The mechanic's liens were offered into evidence without objection, (*see* Tr. Vol. II at 31), and Appellants cross-examined Geisler regarding the amounts, but Appellants have not directed us to a portion of the transcript wherein they argued the mechanic's liens were invalid. Therefore, their arguments regarding the validity of the mechanic's liens are waived. *See Breneman v. Slusher*, 768 N.E.2d 451, 463 (Ind. Ct. App. 2002) (issues raised for the first time on appeal are waived), *reh'g denied*, *trans. denied*.

[14] Appellants' arguments regarding the amounts of the mechanic's liens are invitations for us to reweigh evidence and judge witness credibility. Appellees presented evidence and testimony regarding the amounts of those liens, and the trial court was free to credit testimony and evidence at its discretion. *See Samples*, 12 N.E.2d at 950 (appellate court will not reweigh evidence or judge the credibility of witnesses). Further, the proceedings were a bench trial, and we presume trial courts know and follow the law. *Boone Cty. Rural Elec. Membership Corp. v. Layton*, 664 N.E.2d 735, 739 (Ind. Ct. App. 1996), *trans. denied*.

### Breach of Contract and Tax Liability

[15] Regarding the breach of contract and tax liability claims, the trial court ordered:

> Interior is awarded $166,446.43 in compensatory damages from [V.P.] for unpaid state and federal tax withholdings and union dues, plus court costs and prejudgment interest at the rate of eight percent (8%) per annum from November 28, 2012. [V.P.'s] obligation to pay this award shall be offset by [Julie's] . . .

obligation to cover and pay Interior 40% of the back taxes, i.e., $40,865.72, plus court costs and prejudgment interest at the rate of eight percent (8%) per annum from November 2, 2012.

(Appellants' App. Vol. II at 25.) Appellants argue the trial court made a "*sua sponte* ruling on these issues during the bench trial that effectively dismissed Appellee's [sic] claims for unpaid taxes and union dues." (Br. of Appellants at 18.) However, Appellants do not indicate the location in the record in which it alleges the trial court made this statement; thus the issue is waived for failure to make a cogent argument by neglecting to cite to "parts of the Record of Appeal relied on." Ind. Appellate Rule 46(A)(8)(a). *See Nealy v. American Family Mut. Ins. Co.*, 910 N.E.2d 842, 845 n.2 (Ind. Ct. App. 2009) (on appeal "we will not search the record to find a basis for a party's argument"), *trans. denied*; *and see Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (failure to present cogent argument results in waiver of issue on appeal).

### *Amount of Damages[3]*

[16] The trial court awarded Interior the following damages for various claims:

> a. Interior is awarded $166,446.43 in compensatory damages from [V.P.] for unpaid state and federal tax withholdings and

---

[3] Appellants also argue the trial court *sua sponte* made a statement during trial that precluded it from piercing the corporate veil and holding Steven personally liable for damages due to Interior. However, Appellants have not cited case law to support this contention, and thus it is waived for failure to make a cogent argument. *See Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997) ("We demand cogent argument supported with adequate citation to authority because it promotes impartiality in the appellate tribunal."); *see also* App. R. 46(A)(8)(a) (Argument section of appellant's brief must "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]").

union dues, plus court costs and prejudgment interest at the rate of eight percent (8%) per annum from November 28, 2012. [V.P.'s] obligation to pay this award shall be offset by [Julie's]. . . obligation to cover and pay Interior 40% of the back taxes, i.e., $40,865.72, plus court costs and prejudgment interest at the rate of eight percent (8%) per annum from November 2, 2012.

b. Interior is awarded $40,062.54 in compensatory damages from [V.P.] for unpaid fees earned on eight construction projects in 2012, plus court costs and prejudgment interest at the rate of eight percent (8%) per annum from October 25, 2012.

c. Interior is awarded $30,800.00 in compensatory and punitive damages from Julie [] for her willful breach of fiduciary duty and tortious interference with Interior's prospective advantage, plus court costs and prejudgment interest at the rate of eight percent (8%) per annum from November 5, 2012.

d. Interior is awarded $92,400.00 in statutory treble damages, $25,225.25 in reasonable attorney's fees and $395.77 in costs from Julie . . . under Ind. Code § 34-24-3-1 for her intentional conversion of Interior's mechanic's liens.

(Appellants' App. Vol. II at 25.) Appellants argue Appellees did not present evidence to support the trial court's computation of damages and that the damage amounts were a windfall for Appellees.

[17] Appellants' arguments are invitations for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Samples*, 12 N.E.2d at 950 (appellate court will not reweigh evidence or judge the credibility of witnesses). Geisler testified she owed, as owner of Interior, $96,179.53 in back taxes to the Internal Revenue Service; $5,984.78 to the Indiana Department of Revenue;

and $64,282.20 in unpaid union dues. (*See* Tr. Vol. II at 15-16.) Those amounts total $166,446.43, which is the amount the trial court awarded. Giesler testified to the amounts she believed Interior was owed for the eight projects, an amount which totaled $40,062.54, which also matches the amount the trial court awarded. Additionally, the trial court admitted copies of the mechanic's liens that were fraudulently waived by Julie, which totaled $30,800.00 - the amount awarded for Julie's torts. Finally, it was within the trial court's discretion to award prejudgment interest on all of the amounts. [4] *See Hayes v. Chapman*, 894 N.E.2d 1047, 1054 (Ind. Ct. App. 2008) (prejudgment interest may be awarded where the amount of damages can be ascertained by simple mathematical computation), *trans. denied*.

# Conclusion

The trial court did not err when it ordered Appellants to pay various damages to Appellees. Those arguments not waived by Appellants are impermissible requests for our court to reweigh evidence and judge the credibility of witnesses. Accordingly, we affirm.

Affirmed.

---

[4] Appellants challenge the trial court's award of attorney's fees in their reply brief. As an argument cannot be advanced for the first time in a reply brief, the issue is waived. *See Crossmann Communities, Inc. v. Dean*, 767 N.E.2d 1035, 1044 (Ind. Ct. App. 2002) (issues raised for the first time in a reply brief are waived; *and see* Ind. Appellate Rule 46(C) ("No new issues shall be raised in the reply brief.").

Mathias, J., concurs

Riley, J., dissent with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| V.P. Construction Co, Inc., Steven Rilenge, and Julie Rilenge, | Court of Appeals Case No. 49A02-1712-CC-2851 |
| *Appellants,* | |
| *(Defendant/Counterclaim-Plaintiffs* | |
| *and Third-Party Plaintiff below),* | |
| v. | |
| Interior Renovation & Design, Inc. and Patricia A. Geisler, | |
| *Appellees,* | |
| *(Plaintiff/Counterclaim-Defendant and* | |
| *Third-Party Defendant below)* | |

**Riley, Judge, dissenting.**

[20]     I respectfully dissent from the majority's determination to consider the Appellants' claims on the merits. The crux of the Appellee's action at trial was for the recovery of damages for breach of contract with respect to unpaid and underpaid projects. The bulk of the Appellants' brief focuses on whether the

liens were valid instead of discussing why the trial court's award of damages was erroneous. Consequently, I find the Appellants' argument on the validity of the liens is not of material assistance in determining whether the trial court's judgment on damages was erroneous. Pursuant to Indiana Appellate Rule 46(A)(8)(a), the argument section of an appellant's brief should "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ."

[21] This court has previously stated:

> We demand cogent argument supported with adequate citation to authority because it promotes impartiality in the appellate tribunal. A court which must search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator. A brief should not only present the issues to be decided on appeal, but it should be of material assistance to the court in deciding those issues. On review, we will not search the record to find a basis for a party's argument . . . nor will we search the authorities cited by a party in order to find legal support for its position.

*Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997) (internal citations omitted). Although its prefered to dispose of cases on their merits, where an appellant fails to substantially comply with the appellate rules, then dismissal of the appeal is warranted. *Hughes v. King*, 808 N.E.2d 146, 147 (Ind. Ct. App. 2004). This court has discretion to dismiss an appeal for the appellant's failure to comply with the Rules of Appellate Procedure. *See Miller v. Hague Ins.*

*Agency, Inc.*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007) ("Although we will exercise our discretion to reach the merits when violations are comparatively minor, if the parties commit flagrant violations of the Rules of Appellate Procedure we will hold issues waived, or dismiss the appeal."), *reh'g denied*.

[22] Here, I find that the Appellants have failed to advance their arguments with cogent reasoning on the issue of whether the trial court's judgement with respect to damages was erroneous, and I find that addressing Appellants claims on the merits would require this court to make and advance arguments for them. *See Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016). Accordingly, I would dismiss this appeal for the foregoing reasons.